## COUSINS v BOOKSBAUM

Ohio Appeals, 5th Dist, Richland Co.

Decided March, 1935

Henkel & Gongwer, Mansfield, for plaintiff in error.

Joseph A. Bayer, Mansfield, for defendant in error.

## OPINION

By LEMERT, J.

We have carefully examined the whole of the record in this case, and upon the claimed or assigned grounds of error 1 and 2, we find the same to be without merit and no error therein.

On the third claimed ground of error, to-wit, in the charge of the court to the jury, we find from the record that the testimony in this case shows that shortly prior to the accident the driver of the automobile discovered the load of hay in the highway, immediately in front of him, in the rear of which he claims there was a buggy, unlighted; and the court charged the jury that if, after the discovery of the objects in the highway, and these objects in the highway constitute a peril to any one, and the defendant had knowledge of danger, then it would be his duty to exercise ordinary care.

We are of the opinion that there was no question of ordinary care in this case, and failure to use ordinary care would not make the defendant liable. Recovery can be had only if and when wanton misconduct on the part of the defendant is proven, and wanton misconduct is proven only when the jury concludes, by a preponderance of the evidence, that the defendant failed to exercise any care.

The trial court charged the jury, as found on page 125 of the record, as follows:

"You are further charged that if on account of the absence of lights on the vehicle an emergency existed at the time, and the defendant was not guilty of wanton misconduct at the time he discovered the load of hay and buggy in the highway, then it became his duty to exercise ordinary care, but you are cautioned that if at the time of such discovery a condition creating an emergency, if one existed and the defendant was not guilty of wanton misconduct, then he would not be chargeable with failure to use ordinary care to avoid collision and injury if he used that degree of care which appeared to him at the time, under all the circumstances, to be such as would avoid an accident and injury even though after the accident it might be discovered that he was in error in his judgment. In other words, after he had knowledge of the peril, did he use the degree of care which the exigency of the case and the emergency of the case required."

We believe the above charge to be erroneous, and prejudicially so. It will be noted that the trial court in charging as above set out says: "that assuming the defendant was not guilty of wanton misconduct, it would then be his duty to exercise ordinary care."

In the instant case if the defendant was not guilty of wanton misconduct, the court should have said, there is no liability against the defendant.

The court again, even conceding in his statement no wanton misconduct, asserts the defendant's duty as that of ordinary care, leaving the impression that all that is necessary for the plaintiff is to prove a want of ordinary care, instead of entire absence of care.

It will be noted that the court then proceeded, as quoted above, to charge on the duty of the defendant in the event an emergency existed. Here the court presents the third rule of conduct to the jury by which to judge defendant's acts. The court ends that phase of the charge by saying:

"In other words, after he had knowledge of the peril, did he use the degree of care which the exigency of the case and the emergency of the case required."

It will be noted on a careful reading and examination of the part of the charge just quoted that the court did not summarize on what he had said immediately before this part of the charge was given. We believe this is erroneous and the court should have said to the jury, "after having a knowledge of the danger, did he use any care whatever to avoid the same?"

The subject of negligence and wilful or wanton misconduct has been in a somewhat confused state in Ohio, and these terms have been used rather loosely and inaccurately for many years. However, in the case of Reserve Trucking Company v Fairchild, 128 Oh St, 519, the Supreme Court somewhat clarified the situation and defined the terms as follows:

"The term 'wilful tort' implies intent or purpose to injure. The term 'wanton negligence' implies the failure to exercise any care for the safety of those to whom a duty of care is owing when the wrongdoer has knowledge of the great probability of harm to such persons which the exercise of care might avert and exhibits a reckless disregard of consequences."

And further held, in the same case, that "The terms 'wilful' and 'wanton' are not synonymous."

The Supreme Court of Ohio later approved this holding in the case of **Denzer v Terpstra, 129 Oh St 1.**

The court further holds in this case that it is prejudicially erroneous for a trial court to charge a jury on the subject of wilful tort when said charge is unsupported by the evidence, and in the Reserve Trucking Company v Fairchild case the Supreme Court of Ohio has held that it is error to charge a jury that in order to establish wantonness it is not necessary to show an entire want of care.

So that the difficulty will be not in uncertainty of the meaning of these terms just quoted, but in the failure to properly apply them to the facts in the trial of cases under the so-called "Guest Statute."

If the trial courts submit cases to the jury in which only negligence is pleaded the "Guest Statute" will be nullified, and its provisions rendered meaningless.

The Supreme Court of Ohio definitely held that to establish wantonness it is necessary to show an entire absence of care, but the trial court in the instant case in the language used, as hereinbefore quoted, leaves the impression clearly that liability would follow if the rule of ordinary care were followed. In other words, the court says:

"Under the situation outlined that it would then be defendant's duty to exercise ordinary care." The impression would follow from this language that a failure to comply with such duty would result in liability. This we believe to be prejudicial error.

So that it necessarily follows that for the reasons hereinbefore given for errors in the charge of the court this cause is reversed and remanded to the court below for further proceedings according to law. Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.