## Mackey *v.* Robertson, Appellant.

Argued December 2, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*O. J. Graham,* with him *Gunnison, Fish, Gifford & Chapin,* and *Paul E. Thomas,* for appellant.

*Albert L. Thomas,* with him *W. E. Burdick* and *Eugene Mackey,* for appellee.

OPINION BY MR. JUSTICE DREW, January 3, 1938:

Returning from the World's Fair in Chicago in 1934, defendant was accompanied in her car by plaintiff as a guest. While driving through Ohio it began to rain; defendant continued notwithstanding, reducing her speed to about 40 or 45 miles an hour. Under these circumstances she skidded on the wet surface of the concrete highway and collided with the headwall of a bridge. From this accident arise the injuries for which plaintiff has brought this action of trespass. Claiming the case is ruled by the law of Ohio where a nonpaying guest must prove wilful or wanton misconduct to recover from his host and that such extreme want of care was not made out in this case, defendant, following a verdict for plaintiff, moved for judgment n. o. v. She moved also for a new trial on the ground that the verdict was

excessive. The court below denied the motion for a new trial upon plaintiff's acceptance of a reduced verdict, and, of course, overruled the motion for judgment n. o. v. This appeal by defendant followed.

The case is undoubtedly ruled by the law of Ohio, the place of the alleged tort: *Mike v. Lian,* 322 Pa. 353; *Singer v. Messina,* 312 Pa. 129; *Dickinson v. Jones,* 309 Pa. 256. It is admitted plaintiff was a guest and was being transported without payment. To recover she must show a degree of fault tantamount to "wilful or wanton misconduct": Throckmorton's Annotated Code of Ohio, 1934, section 6308-6. For the construction of this phrase of Ohio statute we look to the Ohio cases. "Wilful misconduct . . . implies the element of intent or purpose to injure. Wanton negligence, on the other hand, implies the failure to exercise any care toward those to whom a duty of care is owing . . .": *Reserve Trucking Co. v. Fairchild,* 128 Ohio 519, 531; see *Denzer v. Terpstra,* 129 Ohio 1. In the case of *Cousins v. Booksbaum,* 51 Ohio App. 150 (petition on appeal denied by the Ohio Supreme Court, 130 Ohio 336), a case involving the same section of the Ohio Code, the Court of Appeals having concluded that failure to use ordinary care did not make defendant liable, said at page 153, "Recovery can be had only if and when wanton misconduct on the part of defendant is proven, and wanton misconduct is proven only when . . . the defendant failed to exercise any care. . . ." The court held there must be an "entire absence of care."

Plainly the facts of this case do not fit this measure of fault. The particulars in which plaintiff claims to find lack of care are few. Principal of these is defendant's maximum speed of 45 miles per hour while driving through the rain on a wet and slippery highway. Also suggested is the fact that defendant carried from 30 to 35 pounds of pressure in her tires when better traction might have been secured with lower pressure.

Wanton misconduct has obviously not been proved. Defendant did not throw caution to the wind. Although it was raining it was broad daylight. She had reduced her speed when it began to rain; she may have been negligent in not reducing it further, but that is far short of manifesting an "entire absence of care" *(Cousins v. Booksbaum,* supra), a heedless abandon or "reckless disregard of consequences" *(Reserve Trucking Company v. Fairchild,* supra). That her speed may have exceeded the legal rate did not make her conduct wanton: *McCoy v. Faulkenberg,* 53 Ohio App. 98. Counsel's suggestion that lower pressure in the tires would have been safer only indicates the extent to which they are taxed to find support for the charge of wanton misconduct. Plaintiff, herself a licensed operator, testified that defendant's driving was satisfactory to her. Apparently there was not anything in the circumstances which caused plaintiff to feel that anything being done was dangerous. This was exactly defendant's reaction until the accident was imminent. Neither party thought that there was any unusual danger. This would seem to demonstrate that there was no "wilful or wanton misconduct." There was no evidence from which the jury could determine that there was, and therefore a verdict should have been directed for the defendant.

In *McCoy v. Faulkenberg,* supra, where it was shown that defendant, at night time, after drinking gin highballs and beer, drove at a speed of 50 miles an hour, cut in and out among traffic, and boasted of his ability in driving when his guests protested, it was held that the "evidence tends to show negligence and over confidence, but not wilful or wanton misconduct." A fortiori, in the instant case, where the negligence is many times less serious, there is no evidence from which the jury could find wanton misconduct.

Judgment reversed and judgment now entered for defendant.