**HENDERSON v STROUP, Exec.**

Ohio Appeals, 5th Dist, Richland Co.

No. 563. Decided Sept. 18, 1940.

## OPINION

By LEMERT, J.

This is an action brought by plaintiff asking to recover compensation for services rendered to defendant's decedent. The case was tried to a jury and a verdict rendered in favor of the plaintiff. It is the contention of the defendant, appellant, that in the trial of the above cause there is error in this, to-wit:

1. That the plaintiff had no right to call for cross-examination the nominal defendant, Mrs. Stroup.

2. That there was no place in the case for any testimony touching the question of a will made and destroyed unless such fact was known to the plaintiff and acted upon by her.

3. That plaintiff plead on expressed contract and she was bound by that. In other words, she must stand or fall on her expressed contract.

4. That the request to charge should have been given to the jury.

On claimed error number one—Did the plaintiff below have the right to cross-examine the defendant? §11497 GC provides:

"At the instance of the adverse party, a party may be examined as if under cross-examination, either orally or by deposition, like any other witness * * *"

There were only two parties to this action, the plaintiff and the defendant. The defendant was a necessary and real

party to the action. Under the issues raised by the pleadings this action was adversary in its nature, and the defendant was actively opposing a recovery on the part of the plaintiff.

The statute just quoted has reference to the adverse character which the parties sustained toward each other as parties in the action at the time of the trial. The defendant herein was sued as the legal representative of her decedent.

It cannot be claimed that the defendant-appellant was merely a nominal party in this action and not adverse to the plaintiff for the reason that counsel objected to the competency of the plaintiff as a witness under authority of §11495 and thereby prevented the plaintiff from testifying in her own behalf.

**Sec. 11495 GC** provides:

"A party shall not testify when the adverse party is * * * an executor or administrator * * *"

2. The testimony concerning the former will which was made and destroyed by the decedent was competent and admissible in evidence.

The record discloses that the decedent, Levet Grider, made a will containing a provision therein for the plaintiff, but that he later destroyed this will.

This evidence was offered and admitted for the purpose of corroborating the alleged contract as pleaded in the petition between the plaintiff and the decedent for services and also as tending to prove that the services rendered by the plaintiff to the decedent were to be paid for and were not to be rendered gratuitously.

It was alleged in the petition that the decedent agreed to pay plaintiff for her services and to make a will and provide for such payment therein. The record discloses that the plaintiff acted upon the promise of the decedent to pay her and to make a will providing for payment to her therein. It therefore becomes immaterial under this issue as to whether the plaintiff had knowledge of the making or destruction of the will.

3. Was the plaintiff bound or limited to a recovery upon the expressed contract alleged in her petition?

It is a general rule that an expressed contract for services rendered without definite arrangement as to the compensation therefor does not preclude the bringing of an action on a quantum meruit. If the contract does not stipulate as to the amount of compensation, the law implies that the promisor is to pay the reasonable value therefor.

The courts have held that the value of services rendered under an oral contract to devise or bequeath property, made in consideration of the services to be performed, is recoverable as upon a quantum meruit, because it would be unjust for one person to have the benefit of faithful continuing service from another under such a promise, and then permit his estate to say that the contract was unenforceable and there could be no compensation for the same.

**110 Oh St 588.**

**42 Oh Ap 353.**

An examination of the record in this case does not disclose that the defendant-appellant disputed that the plaintiff rendered valuable service to the decedent for a long time, and the issue of family relationship was not raised in this case. The record discloses that the plaintiff rendered valuable service to the decedent and it was a matter of fact for the jury to de- termine the amount of her compensation.

4. Complaint is made that the request of the defendant-appellant for additional instructions was refused.

After the trial court had given its general charge to the jury, counsel for the defendant made the following verbal request.

"Mr. Beam: I am asking the court to charge the jury in substance—further evidence has been offered tending to prove that Levet Crider made a will and in that will made a provision for the benefit of the plaintiff herein which

was later destroyed. This bequest in the will may have been a voluntary will or it might have been part of the contract. Unless the plaintiff can show knowledge of the making of this will, on her part, making provision therein for her as evidence tending to prove the existence of an expressed contract, then the mere fact of making such a will and the bequest therein contained could not be evidence tending to support an express contract."

From an examination of the whole of the charge, we are of the opinion that this request did not pertain to any issue of the case not governed by the general charge. Further, we are of the opinion that the request was argumentative and confusing.

It therefore follows that we find no error in this record that would warrant a reversal and the finding and judgment of the court below will be affirmed. Exceptions may be noted.

SHERICK, PJ. & MONTGOMERY, J., concur.