**HEATER et, Appellants, v MITTENDORF, Individually and As Executrix, Appellee.**

Ohio Appeals, 1st District, Hamilton County.
No. 6242. Decided March 29, 1943

John W. Cowell, Cincinnati, for appellants.
Harry H. Baker, Cincinnati, for appellee.

## OPINION

By MATTHEWS, J.

In this action, which was commenced in the Court of Common Pleas of Hamilton county, Ohio, and appealed on questions of law therefrom to this court, the plaintiffs seek judgment for the amount of a legacy bequeathed to their mother by the will of John H. Mittendorf, deceased.

It appears from the pleadings and the recitals in the journal entry of stipulated facts that at the time of his death on September 19th, 1940, John H. Mittendorf was domiciled in the state of Indiana, where certain property owned by him had its situs. He also owned real estate in Hamilton county, Ohio. By his will, he devised this real estate to three of his sisters and bequeathed to Lydia Heater, another sister, the sum of $3000.00. Lydia Heater died in the state of Washington on July 19th, 1939, leaving the plaintiffs as her sole surviving descendants. The will was probated in Indiana at the domicile of the testator and the defendant was appointed executor in that proceeding. The executrix resides in Hamilton county, Ohio, and ancillary administration was instituted by her in the Probate Court of Hamilton county, Ohio, and ancillary letters of administration issued to her by that court. It does not appear that the administration has been completed or that any order directing the distribution of the estate to those entitled has been made by either court.

Whether the plaintiffs, or either of them, was a resident of Ohio at the time of testator's death or the institution of this action does not appear.

It is admitted in the pleadings that it is provided by statute in Indiana that a bequest to a descendant of a testator shall not lapse by reason of the legatee's death during the life of the testator, but shall vest in the surviving descendant of the legatee as if such legatee had survived the testator and died intestate. 3 Burns' Indiana Statutes Annotated, 1933, at page 299. That statute was in full force and effect at the time of the testator's death. No evidence was offered as to the unwritten or common law of Indiana on the subject of bequests to relatives other than descendants of the testator.

The trial court found that the laws of Indiana applied, that the legacy lapsed on the death of the legatee during the testator's lifetime, that the plaintiffs had no right or title thereto and dismissed the action at their costs. That is the judgment appealed from.

(1) By §10509-199 GC, it is provided that: "After thirty days from the time of the settlement of the account of an executor * * *, and an order of distribution made thereon by the probate court, if such executor, * * *, neglects or refuses to pay to a person interested in such order, as * * * legatee, * * *, or otherwise when

demanded, his or her share of the estate or property ordered to be distributed, the person so interested may file a petition in the probate court against the executor, * * * briefly setting forth therein the amount and nature of the claim of the party filing it." And by subsequent sections the Probate Court is empowered to hear and if plaintiff's claim is established and there is no defense, to render judgment against the executor. By §10509-206 GC, the Common Pleas Court is given concurrent original jurisdiction of such actions with the Probate Court. But by §10501-53 GC the Probate Court is given exclusive jurisdiction "To direct and control the conduct of fiduciaries and settle their accounts." It would seem, therefore, that in the absence of allegation and proof of an order of distribution by the Probate Court, that court had exclusive jurisdiction of the subject-matter, and no action had been shown within the jurisdiction of the Common Pleas Court.

(2) Was the conclusion of the trial court that this legacy had lapsed right?

In 11 Am. Juris., 476, it is said:

"In the case of a will of personal property the law of the testator's domicil at the time of his death governs. * * * the general rule is that all questions concerning the will arising in regard to personal property are referred to the law of the domicil of the testator at the time of his death."

And, at page 484, it is stated that:

"The question of lapsing of a bequest of personal property is governed wholly and exclusively by the law of the testator's domicil, * * *"

See also: 32 O. Jur., 314.

Counsel concedes this rule, but argues that inasmuch as the Indiana statute offered in evidence only applies to legacies bequeathed to the testator's descendants it has no application to a legacy, as in this case, to the testator's sister, and that as there is no proof other than this statute as to the law of Indiana, the court is forced to apply the only law that it knows, which is the law of the forum, statutory as well as common law, and to presume that the law of Indiana is the same, and that by §10504-73 GC, it is provided that a bequest to any relative of the testator does not lapse upon the death of the legatee during the testator's life, in the event such legatee leaves issue; and that such issue take the legacy. This position is sustained by the case of **Baid's, Inc. v Frankel, 56 Oh Ap 305.** But this case was decided in 1937, and in 1939 the Ohio General Assembly enacted the Uniform Judicial Notice of Foreign Law Act of which §12102-31 GC, is a part, and it requires every Ohio court to take judicial notice of the statutes of every state of the

United States. So at the time of the trial of this case, the court was obliged to inform itself of all relevant statutory law, notwithstanding it was not introduced in evidence. That obligation rests upon this court now.

(3) Our attention has been called to no other Indiana statute on this subject and we have found none. We are therefore, not permitted to indulge the presumption that there is an Indiana statute similar to §10504-73 GC.

(4) We are, however, justified in taking judicial notice that the jurisdiction of Indiana is of common law origin and that the common law is there administered except in so far as it has been modified by statute.

We are not justified in taking judicial notice of specific rules of common law as interpreted and applied in Indiana. In 20 Am. Juris., 73, it is said:

"Courts do not, as a general rule, take judicial notice of the common law of another state or country but require that such law be pleaded and proved like any other fact. However, judicial notice will be taken of the prevalence of the common law in a sister state. The principle that the courts of one state or country will not take judicial cognizance of the laws of another merely means that they will not take judicial notice of the specific law of the foreign jurisdiction upon a particular subject; it does not preclude the court of one jurisdiction from taking judicial notice of the system of law that is the basis of the jurisprudence of another jurisdiction. Generally, the courts in such cases do not take judicial notice of the particular rule of common law as held in the other state, but merely indulge the presumption that the common-law rule on the subject in the other state is the same as the rule at the forum."

(5) Now, by what means can it be determined what the common law of Indiana is on a specific subject in the absence of evidence on the subject as in this case?

In 20 Am. Juris., 186, it is said that: "It is presumed also, in the absence of proof to the contrary, that the common law of another state is the same as the common law of the forum on the subject before the court, or as it is sometimes said, that the common law is the same in the several states. The court of one state cannot presume that the common law has been altered in the absence of proof to that effect." Mount v Tuttle, N. Y. ___, 76 N. E 873, and cases annotated at 467.

(6) The only remaining problem is to determine what the common or non-statutory law of Ohio is on the subject of the lapsing of legacies, and our investigation convinces us that the generally accepted view of the common law prevailed in Ohio, which is, that a legacy lapses upon the death of the legatee during the testator's life. **41 O. Jur., 934 et seq.; Woolley v Paxson, 46 Oh**

St 307, at 314; Phillips v McConica, 59 Oh St 1; Formean v Bank, 119 Oh St 17, at 22. And it seems that the presumed fact that the common law of Indiana is the same as the Ohio common law conforms to the actual fact. Ballard v Camplin, 161 Ind., 16 67 N. E. 505; Aldred v Sylvester, 184 Ind., 542, 111 N. E. 914. And it is this common law of Indiana that determines the rights of the parties.

It should be said that these plaintiffs were not mentioned as legatees in the will. Their right, if any, must rest entirely upon a rule of law casting title upon them. They failed to show any such law of the state whose law controls.

We, therefore, find that by the law of Indiana in force at the testator's death, the legacy to Lydia Heater lapsed by reason of her death during the testator's life and that her children—the plaintiffs herein—took nothing under his will.

Our conclusion is that neither the pleadings nor proof disclose any cause of action against the defendant.

For these reasons, the judgment is affirmed.

ROSS, P. J., and HILDEBRANT, J., concur.