NASCO, Plaintiff-Appellee, v. FERGUSON, Defendant-Appellant, and CENTRAL GREYHOUND LINES, INC., Defendant-Appellee.

Ohio Appeals, Seventh District, Lake County.

No. 513.   December 11, 1952.

Morris Morgenstern, Bernard B. Direnfeld, Cleveland, for defendant-appellant, Loretta May Ferguson.

Lester W. Donaldson, Painesville, Donald M. Marshman, Cleveland, for defendant-appellee, Central Greyhound Lines, Inc.

## OPINION

By GRIFFITH, J.

Anthony Nasco filed his second amended petition in the Court of Common Pleas of Lake County against Loretta May Ferguson and Central Greyhound Lines, Inc., charging that the negligence of both defendants caused an automobile collision resulting in damages to him, the plaintiff.

Defendant, Ferguson, filed an answer and cross-petition against the plaintiff, Nasco, and also against Central Greyhound Lines, Inc., asking in her cross-petition for damages against plaintiff and her co-defendant, Central Greyhound Lines, Inc.

Central Greyhound Lines, Inc., filed a motion to strike the cross-petition of Ferguson filed against it from the pleadings. The Court sustained the motion and ordered the cross-petition against Central Greyhound Lines, Inc., struck from the pleadings and granted to the defendant, Ferguson, leave if she so desired, to file an amended answer and cross-petition to the petition of the plaintiff within twenty-one days. This appeal ensued.

The sole question is whether one co-defendant in a tort action may file a cross-petition against the other co-defendant and the plaintiff. By its ruling, the Court did not hold that Ferguson could not file a cross-petition against the plaintiff which she has an unquestioned right to do.

The pleading filed by Ferguson clearly is a cross-petition. **Sec. 11303, sub-section 3, GC** provides for the filing of a cross-petition and gives its definition as follows:

"Answer, which if it demands affirmative relief may be styled a cross-petition."

**Sec. 11317 GC,** provides:

"**Counterclaim.** A counterclaim is a cause of action existing in favor of a defendant against a plaintiff or another defendant, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action."

Ferguson, in her answer, denies the plaintiff's claim in its entirety and seeks affirmative relief by way of cross-petition. This she admittedly may do as against the plaintiff, Nasco, but this is not a cross-demand on the part of Ferguson as against Central Greyhound Lines, Inc., but is an original demand for affirmative relief. Central Greyhound Lines, Inc., has made no claims against defendant, Ferguson.

Whether or not defendant, Ferguson, may set up by way of cross-complaint or cross-petition a cause of action and demand affirmative relief against her co-defendant depends upon whether or not the relief Ferguson asks involves the transaction which constitutes the subject-matter of the plaintiff's action.

The subject matter of the action is the plaintiff's right to have the defendants, Ferguson and Central Greyhound Lines, Inc., exercise the required degree of care in respect to him. Manifestly, the relief demanded by Ferguson in her cross-petition against Central Greyhound Lines, Inc., involves the plaintiff's main right.

In this case, Ferguson demands a money judgment against her co-defendant. It is the purpose of the petition and cross-petition to express one object, namely, the rights of the parties arising out of the subject matter adjudicated.

The allegations of the amended petition and cross-petition show that each party to the action asserts rights and charges liabilities which relate to the transaction which affect each of the three parties to the action. Nasco will be affected by the relief sought by Ferguson.

If Ferguson prevails on her cross-petition, both Nasco and Central Greyhound Lines, Inc., will be affected. Therefore, plaintiff's right cannot be adjudicated without an adjudication of the rights of both defendants. The transaction was the collision. The relief each party seeks involves this transaction.

A counterclaim is in the nature of a separate and independent action. It is broader than recoupment set off or cross-action and includes them all securing full relief which a separate action at law would have secured.

We are of opinion, therefore, that the Court was in error in striking appellant, Ferguson's cross-petition as against Central Greyhound Lines, Inc., from the pleadings.

Judgment reversed.

NICHOLS and PHILLIPS, JJ, concur.