JOHNSON, APPELLEE, *v.* SARGENT, APPELLANT.

(No. 753—Decided September 12, 1958.)

*Messrs. Marchal & Marchal*, for appellee.
*Messrs. Spidel, Staley & Hole*, for appellant.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Darke County, sustaining a demurrer to the defendant's cross-petition and, upon the defendant electing not to plead further, dismissing the cross-petition.

The plaintiff and the defendant were involved in an automobile collision in the city of Omaha, state of Nebraska, in which both sustained damages as a result of the collision. Plaintiff brought an action for damages in the Municipal Court of Omaha. The defendant did not defend this action and judgment was rendered against him. Subsequently, plaintiff sued on the judgment in the Common Pleas Court of Darke County, where the defendant resides. The defendant in his answer admitted that plaintiff recovered a judgment against him, but denied he was indebted to the plaintiff. By way of cross-petition the defendant claims damages from the plaintiff by reason of a breach of contract, alleging that at the scene of the accident the plaintiff and the defendant entered into an oral agreement whereby "neither of them should report his damages to their

respective insurance companies and each would pay the damage to their respective automobiles. That thereafter, in violation of said agreement, the plaintiff, Arthur C. Johnson, commenced an action against this defendant in the Municipal Court of Omaha, Douglas County, Nebraska, to recover damages," and that by reason of the breach of contract, the defendant has been damaged.

To the cross-petition the plaintiff filed a motion to strike, which the court treated as a demurrer. The order of the court sustaining the demurrer and dismissing the cross-petition is assigned as the sole ground of error.

The appellee contends that the allegations contained in the cross-petition are defensive in character and do not constitute a counterclaim. Without question, if the defendant had interposed such defense in the Municipal Court of Omaha and supported it by evidence, it would have constituted a complete defense to the action. In our opinion, the allegations which are made the subject of the counterclaim are strictly defensive and, under the ruling of the Supreme Court in *Rothman* v. *Engel,* 97 Ohio St., 77, 119 N. E., 250, cannot be the subject of a counterclaim. The first paragraph of the syllabus in that case is as follows:

"Facts that are *strictly defensive,* and which, if pleaded in an action at law, would state a good defense, do not constitute a counterclaim. And if the defendant does not avail himself of such defense, he will be barred from utilizing it in a subsequent suit."

The contention which is made by the appellant in the case at bar was made in the cited case. On page 79 it is stated:

"But the contention now urged, and which was sustained by the Court of Appeals, is, that though Engel could have interposed that defense in the former action for damages, she had the election to permit judgment against her in the law case and reserve her defense as a basis for a counterclaim in a subsequent equitable action to cancel the agreement.

"If the principle applied by the Court of Appeals be upheld, then, after foreclosure of a mortgage, or recovery of judgment upon a negotiable instrument, or after specific perform-

ance of a contract for the conveyance of realty, a defendant, in either of above mentioned cases, may reserve his defense of fraud as a basis of a separate action in a later proceeding.

"Our code requires a defendant to set forth all of his strictly legal defenses to a suit brought against him, or be forever barred from urging one of them in a second suit between the same parties touching the same subject-matter."

See, also, *Albright* v. *Boyd*, 85 Ohio St., 34, 96 N. E., 711.

But the appellant herein contends that by the 1947 amendment of Section 2309.16, Revised Code (formerly Section 11317, General Code), he is now permitted to assert his rights arising out of a breach of contract by way of counterclaim in a suit on the judgment. Section 2309.16, Revised Code, in part provides as follows:

"A counterclaim is a cause of action existing in favor of one or more defendants against one or more plaintiffs or one or more defendants, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action *or arising out of contract or ascertained by the decision of a court.*" (Emphasis ours.)

In the 1947 amendment the emphasized portion of the above section was added to Section 11317, General Code. Prior to the amendment "set-off" was defined in Section 11319, General Code, as follows:

"A set-off is a cause of action existing in favor of a defendant against a plaintiff between whom a several judgment might be had in the action, *and arising on contract or ascertained by the decision of a court.* It can be pleaded only in an action founded on contract." (Emphasis ours.)

By the 1947 amendment the distinction between counterclaim and set-off, as these terms were formerly defined in the Code, was abolished. The amendment to Section 11317, General Code (now Section 2309.16, Revised Code), was intended to and does embrace what was formerly considered a counterclaim or a set-off, or both. In amending this section the Legislature took from the section defining set-off the words "arising on

contract or ascertained by the decision of a court'' and placed them at the end of the first paragraph in Section 11317, General Code. The appellant contends that the words in this section, to wit, ''ascertained by the decision of a court,'' now permit the defendant in an action where the plaintiff's cause of action has been ascertained by the decision of a court, to plead by way of counterclaim a defense which may have been interposed in the original action. We do not agree.

The question here presented is one of first impression. The words above quoted refer to a counterclaim having been ascertained by the decision of a court. If we omit certain phrases in this section, a counterclaim would be defined as ''a cause of action existing in favor of one or more defendants against one or more plaintiffs, * * * between whom a several judgment could be had in the action * * * arising out of contract or ascertained by the decision of a court.'' The words, ''ascertained by the decision of a court,'' do not refer, as claimed by the appellant herein, to the plaintiff's cause of action having been ascertained by the decision of a court, but a set-off or a counterclaim having been ascertained by the decision of a court.

In our opinion, the demurrer to the cross-petition was properly sustained. There being no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

*Judgment affirmed.*

Hornbeck, P. J., and Crawford, J., concur.