CONWAY, APPELLEE, *v.* OGIER ET AL., APPELLANTS.

(No. 6376—Decided April 25, 1961.)

*Messrs. Maugan, Vacca & Braun,* for appellee.
*Messrs. Coughlin, Ogier & Lloyd,* for appellants.

DUFFEY, P. J.  Plaintiff, appellee herein, filed an action to

recover for medical services against appellants, husband and wife. Appellants counterclaimed—the wife for malpractice, the husband for loss of consortium. Each counterclaim prays for affirmative relief.

On the face of the pleading, the services were rendered in September of 1956, in the city of New York, consisting of an operation on the defendant wife. The defendant husband allegedly remained at all times in the state of Ohio. The petition was filed in February 1959 and the counterclaims in June 1959. The trial court sustained motions to dismiss the counterclaims on the ground that the statute of limitations had run. The Ohio statute of limitations for malpractice is one year. Section 2305.11, Revised Code. The New York period is two years. New York Civil Practice Act, Section 50. Defendants contend that they are entitled to affirmative relief on both counterclaims. Reliance is placed on Section 2305.15, Revised Code, which tolls the running of the period when the defendant is out of the state.

The place of injury for the malpractice claim is clearly New York, and the cause of action arose there. Section 2305.15, Revised Code, applies only to causes of action which accrue in Ohio. See *Wentz* v. *Richardson* (1956), 165 Ohio St., 558.

The New York Civil Practice Act, Section 61, provides that the running of limitations bars the claim both as an affirmative cause of action and as a "defense." Plaintiff contends that, therefore, no counterclaim whatsoever can be filed. The question of the defendants' right to use the alleged malpractice as a counterclaim, based on a theory of cross-demands or recoupment without affirmative relief, is not directly presented on this appeal. Since an amendment would seem probable, we think several observations might be made.

A claim of malpractice is, of course, an allegation of nonperformance, or at least defective performance of services by the doctor. To that extent, it is a true defense and not affected by limitations. A claim of malpractice asserted as here, in an action for the value of the services from which the malpractice arises, is a cross-demand within Section 2309.19, Revised Code. It arises from the same transaction and subject of action, and came into existence simultaneously with the plaintiff's claim for services. Cross-demands are not barred by limitations

but, as the statute provides, "must be deemed compensated so far as they equal each other." *In re Estate of Butler* (1940), 137 Ohio St., 96; *Shriner* v. *Price, Exr.* (1944), 74 Ohio App., 373; *Cohn* v. *Krauss* (1943), 45 Ohio Law Abs., 148. See, also, 1 A. L. R. (2d), 661, Section 23. It also constitutes a proper claim for common-law recoupment and, for that additional reason, is not barred. See 1 A. L. R. (2d), 666, Section 14, and 686, Section 23.

From a pleading viewpoint, both cross-demands and recoupment are properly denominated as a counterclaim. Section 2309.16, Revised Code, includes and is broader than setoff, recoupment and cross-petition. *Nasco* v. *Ferguson* (1952), 70 Ohio Law Abs., 513; *Johnson* v. *Sargent* (1958), 109 Ohio App., 16. Under New York law, *apparently* both cross-demands and recoupment are barred. As an original question, it would seem best that on a foreign claim the forum court should treat the claim exactly as the laws of the sister state would treat it. Arguably, we should have uniformity of result regardless of the accident of forum. See R. J. Nordstrom, "Ohio's Borrowing Statute of Limitations" (1955), 16 Ohio State Law Journal, 183. However, it has long been established for better or worse that limitations are "procedural" and controlled by the law of the forum. The right to use a claim as a cross-demand or recoupment is in its nature the same as the right to obtain affirmative relief. Accordingly, it also should be classified as procedural. Our "borrowing" statute modifies the basic doctrine by applying the foreign limitation period only when it is a *lesser* period than that provided in Ohio. Section 2305.20, Revised Code. It would thus appear that the New York limitation statutes are not applicable to the defendant's right to assert the malpractice claim on a theory of cross-demand or recoupment without affirmative relief.

The defendant husband's action is for loss of consortium. The plaintiff's action against the husband is either on a theory of contract or of necessities, the petition being somewhat vague as to which theory is relied upon. In Ohio, a consortium action has a four-year period of limitations, even though the loss is the result of malpractice. Section 2305.09, Revised Code. *Corpman* v. *Boyer* (1960), 171 Ohio St., 233. Appellee's position is apparently that this counterclaim is also a New York cause

of action, that in New York the malpractice limitation of two years applies and that, therefore, under Ohio's "borrowing" statute the claim is barred both as an affirmative one and as a defense.

For the reasons suggested above, we believe the counterclaim could qualify as a cross-demand or as a recoupment under any view. However, the defendant husband contends that since he never left Ohio, and Ohio is the matrimonial domicile, the cause of action is an Ohio one, and that he is entitled to affirmative relief.

We know of no reported case on the problem of choice of law presented by the circumstances of this claim for loss of consortium. It is apparent that the "touchstone" of place of the wrong, in which the Restatement places its confidence, is of little assistance here. Restatement of Conflict of Laws (1934), Section 377. Cf. *Schmidt, a Minor,* v. *Driscoll Hotel, Inc.* (1957), 249 Minn., 376, 82 N. W. (2d), 365, where the court refused to apply the Restatement rule in a case under a Dram Shop Act. Considerable difficulty has been experienced in choice of law for wrongs to intangible relationships, such as interference with contract, multi-state defamation, and alienation of affection cases. The alienation cases are, of course, analogous to loss of consortium. Like criminal conversation, alienation is one facet of loss of consortium rights.

In *Gordon* v. *Parker* (D. C. Mass., 1949), 83 F. Supp., 40, involving alienation of affections, the court rejected the matrimonial domicile in favor of the state where the conduct occurred. It was pointed out that control of the conduct which caused the injury was of primary importance. The decision was followed in *Albert* v. *McGrath* (C. A. D. C., 1960), 278 F. (2d), 16, reversing the district court, 165 F. Supp., 461. Cf. *Orr* v. *Sasseman* (C. C. A. 5, 1956), 239 F. (2d), 182.

It is apparent that a choice of law here involves competing state interests. In a society with fluidity of travel, it may be doubted that the "situs" of consortium can be said to firmly rest in the matrimonial domicile. New York's interest in negligent conduct occurring there is, in our opinion, a stronger claim than Ohio's tangental interest which rests only on the domicile of the defendants. The loss of consortium, here, must be considered as accruing in New York. The trial court, there-

fore, was correct in holding that Section 2305.11, Revised Code, did not apply, and in taking judicial notice of the New York statute of limitations. See Section 2317.44, Revised Code. However, the New York Statute applied by the trial court was the two-year statute for malpractice. In Ohio, the judicial notice statute does not extend to case law. See the discussions of the history of Section 2317.44, Revised Code, by Professor Nordstrom, in 9 Ohio Jurisprudence (2d), 12, Conflict of Laws, Sections 12 to 15. The New York Civil Practice Act, Section 49, provides a three-year limitation on negligent injury. In the absence of any evidence to the contrary, we presume that the New York statutes are interpreted as are similar Ohio statutes. *Heater* v. *Mittendorf, Exrx.* (1943), 72 Ohio App., 4; and see *Smith* v. *Bartram*, 11 Ohio St., 690. Under the authority of *Corpman* v. *Boyer* (1960), 171 Ohio St., 233, loss of consortium arising from malpractice is not controlled by the malpractice statute. It would appear that Section 49 of the New York Act is the applicable statute. Attention is called to *Tenebruso* v. *Cunningham* (1952), 115 N. Y. Supp. (2d), 322, and *Golia* v. *Health Insurance Plan of Greater New York* (1957), 166 N. Y. Supp. (2d), 889.

The counterclaim for loss of consortium having been brought within the three-year period of Section 49 of the New York Act, the dismissal was, on this appeal, improper.

Accordingly, we affirm the dismissal of the wife's "cross-petition" for malpractice and reverse the dismissal of the husband's "cross-petition" for loss of consortium.

*Judgment affirmed in part and reversed in part.*

Bryant, J., concurs.

Duffy, J., concurs in the judgment.

(Decided June 6, 1961.)

On Rehearing.

Duffey, P. J. Plaintiff has filed a motion and brief for rehearing on the decision of this court dated April 25, 1961. Plaintiff contends that the New York limitation for loss of consortium arising from the malpractice is controlled by the New York malpractice statute. New York Civil Practice Act, Section 50.

Plaintiff may be entirely correct. However, the New York statutes do not explicitly prescribe the limitation on actions for loss of consortium arising from malpractice. In view of *Corpman* v. *Boyer* (1960), 171 Ohio St., 233, we cannot on *demurrer* hold that the New York malpractice statute applies. While the principal opinion does state that the action was not controlled by the malpractice statute, that statement must be considered in the context of the present appeal. If on remand plaintiff can, in a proper manner, establish a two-year limitation under New York law, he would then be entitled to a determination denying appellant any affirmative relief.

In making reference to Section 49 of the New York Civil Practice Act, and to several New York cases, the principal opinion did not purport to determine and, on the record, could not determine what the New York law is. The references were made to call attention to the ambiguity of the statutes.

The motion for rehearing is denied.

*Motion denied.*

BRYANT and DUFFY, JJ., concur.