BALDRIDGE, APPELLANT, *v.* TOOMBS, APPELLEE.

(No. 738—Decided November 30, 1962.)

*Miss Gladys E. Davis* and *Mr. John Alden Staker*, for appellant.

*Mr. Ernest G. Littleton*, for appellee.

RADCLIFF, P. J.   The question herein is relatively simple: Does concealment, either by active or passive means, by the alleged defendant in an action for criminal conversation, amount to fraud so as to bring into play the tolling of the statute of limitations contemplated in the last sentence of Section 2305.09, Revised Code, "nor, if it is for fraud, until the fraud is discovered"?

We think it does not.   A long line of cases beginning with *Fee's Administrator* v. *Fee*, 10 Ohio, 470, hold:

"A fraudulent concealment by which the plaintiff has been delayed will not enlarge the time for bringing an action under the statute of limitations."

The statutory language above has no application unless fraud is the gist of the action.   Fraud is not the gist of an action for loss of consortium and medical expenses predicated upon criminal conversation.   Therefore, the running of the statute of limitations in the instant case is not tolled.

We apologize for the syllogism in the last paragraph as we are aware of the fraility attributed to syllogistic reasoning.   In this case, however, this form of deductive reasoning is valid and the conclusion may be defended with enthusiasm and viewed with pride.

The trial judge wrote an excellent opinion in ruling upon the question.   We adopt his conclusion and authorities therefor. We do add these additional authorities: *Fee's Administrator* v. *Fee, supra*; *Jackson* v. *Jackson*, 149 Ind., 238; *Klema, Admx.,* v. *St. Elizabeth's Hospital*, 170 Ohio St., 519; *Corpman* v. *Boyer*, 171 Ohio St., 233, particularly pps. 237 to 241; *In re Estate of Natherson*, 102 Ohio App., 475, especially at p. 481, and *Conway* v. *Ogier*, 115 Ohio App., 251.

It follows that the judgment of the trial court in sustaining the demurrer and dismissing the petition and refusing to permit the filing of an amended petition must be, and hereby is, affirmed.

*Judgment affirmed.*

COLLIER and BROWN, JJ., concur.