**GIOFFRE, Appellant,**

**v.**

**SIMAKIS, Admr., Appellee.**

[Cite as Gioffre v. Simakis (1991), 72 Ohio App.3d 424.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–840.

Decided Feb. 8, 1991.

*Wilcox, Schlosser & Bendig Co., L.P.A.*, and *Jacob A. Schlosser*, for appellant.

*Robins, Preston, Beckett, Taylor & Gugle Co., L.P.A.*, and *John A. Sentz, Jr.*, for appellee.

REILLY, Presiding Judge.

Plaintiff appeals from a judgment of the Franklin County Court of Common Pleas, and asserts the following assignments of error:

"I.  The trial court committed prejudicial error in finding appellee had proven she was entitled to recover $10,000 from appellant, for legal services rendered, through finding that the value of legal services rendered by Simakis was reasonably worth $10,000 and using this finding as a basis for the legal conclusion that Simakis was entitled to withdraw and keep a $10,000 portion of appellant's trust fund.

"II.  The trial court committed prejudicial error in (1) failing to rule that when a lawyer accepts funds to be held for a client, in trust, the lawyer is a fiduciary with respect to those funds and may not make any withdrawal without the express consent of his client and (2) ruling that appellant's lawyer was entitled to withdraw and convert to his own use a portion of appellant's $18,600 trust fund without the consent of appellant to do so.

"III.  The trial court committed prejudicial error, absent a counterclaim, in considering appellee's claim that the estate was entitled to compensation for legal services rendered by appellant's lawyer.

"IV. The trial court committed prejudicial error in admitting hearsay testimony of Simakis to Bidwell concerning the fee arrangement between Simakis and appellant."

Plaintiff engaged the decedent, James K. Simakis, to represent him in two related lawsuits: one involving a former business relationship, and a second involving a legal malpractice claim against a former attorney. Both suits were dismissed on the same day: the first in return for a settlement of $31,600, while the second was simply dismissed. This amount was deposited in Simakis's trust account. Over the next month, $13,340 was disbursed to plaintiff and $5,000 was disbursed to Simakis's co-counsel, David Bidwell. Simakis later withdrew $2,500 for himself and paid $9.05 in court costs, with $10,750.95 remaining in the account, of which defendant admits plaintiff is entitled to $8,190.95. Defendant asserts that the remaining $2,560 represents the rest of Simakis's fee and $60 he advanced for court costs.

After Simakis died, plaintiff made a demand on his estate for $18,600. The demand was refused and plaintiff brought this suit asserting claims of breach of contract, breach of trust, and legal malpractice. In its answer, defendant admitted that plaintiff was entitled to $8,190.95. While no counterclaim was raised, defendant's second defense generally alleges a claim on the fund for an unstated amount of attorney fees and court costs.

The case was tried to the court and the testimony of three witnesses was presented. Plaintiff testified that he had no written or oral fee agreement with Simakis regarding the business litigation, but that he believed that Simakis would take an otherwise undetermined fee out of any settlement or judgment obtained in the legal malpractice action. Plaintiff said that he left the remainder of the settlement in the trust account for tax reasons, and that he never authorized withdrawals from the account.

Defendant presented the testimony of David Bidwell who stated, over objection, that Simakis had a one-third contingent fee agreement with plaintiff and that he was to get one-half of this amount. For unknown reasons, the basis of the contingent fee was to be $30,000 rather than $30,600. Thus, Bidwell received a $5,000 check from Simakis soon after the settlement. Bidwell also testified that there was no merit in the legal malpractice case and that it was dismissed. Finally, decedent's wife and bookkeeper, Patricia Simakis, introduced records establishing the withdrawals from the trust account indicated above.

The court rendered a decision for plaintiff in the amount of $8,190.95, the sum defendant admitted plaintiff was owed. The court expressed skepticism regarding plaintiff's claim that Simakis agreed to take his fees out of a case that was dismissed on the same day the first case was settled, but neverthe-

less accepted that plaintiff believed this to be true. The court was unable to find any express fee agreement although plaintiff and Simakis clearly had a contractual relationship. The court concluded that defendant was entitled to $10,000 in quantum meruit for the services rendered and that the other withdrawals in plaintiff's behalf and for court costs were appropriate. From this judgment plaintiff appeals.

In the first assignment of error, plaintiff maintains that the trial court erroneously applied the doctrine of quantum meruit to the facts of this case where defendant failed to produce any evidence establishing the reasonable value of the services rendered to plaintiff. Quantum meruit is definitely applicable under these facts and is " * * * generally awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of the services rendered * * *." *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 55, 544 N.E.2d 920, 924. Specifically, "[i]t is a general rule that an express contract for services rendered without definite arrangement as to the compensation therefor does not preclude the bringing of an action on a *quantum meruit.*" *Henderson v. Stroup* (App.1940), 32 Ohio Law Abs. 605, 606. While no fee agreement was proven, there can be no doubt that plaintiff and Simakis had a contractual relationship. Plaintiff will not be permitted to seek the benefits of that relationship without making compensation when he knew that the services were performed with the expectation that they would be paid for. *St. Clare Ctr., Inc. v. Mueller* (1986), 34 Ohio App.3d 69, 71, 517 N.E.2d 236, 238.

Nevertheless, one seeking to recover the reasonable value of his services in quantum meruit cannot rely on the alleged terms of a contract which have not been otherwise proven. The measure of recovery is the reasonable value of the services rendered, which must be proven by competent credible evidence presented at trial. Where no such evidence is presented, the court cannot simply substitute its own knowledge and expertise. *In re Estate of Verbeck* (1962), 173 Ohio St. 557, 20 O.O.2d 163, 184 N.E.2d 384; *In re Estate of Wood* (1977), 55 Ohio App.2d 67, 9 O.O.3d 225, 379 N.E.2d 256. The party asserting a claim in quantum meruit has the burden of proof and must introduce evidence as to the reasonable value of the services rendered. As the record is devoid of any such evidence, the first assignment of error is well taken.

Plaintiff's second assignment of error asserts that the trial court erred in failing to hold that Simakis could not withdraw funds from the trust account without plaintiff's consent. While plaintiff's proposition of law is correct, it does not resolve the issues raised at trial. A lawyer may withdraw funds from a trust account as fees when they become due, unless the lawyer's

right to receive the sum is disputed by the client. DR 9–102(A)(2). Even assuming Simakis's right to a fee was disputed in this case, plaintiff can show no prejudicial error. Once it was determined that defendant was entitled to a portion of the fund in quantum meruit, it was immaterial to plaintiff whether that amount was withdrawn before suit was filed or after final judgment. Simakis's ultimate entitlement to a fee is not defeated even if the fee was improperly withdrawn.

The second assignment of error is not well taken.

■ In the third assignment of error, plaintiff maintains that the trial court erred in granting defendant's claim for attorney fees in quantum meruit when that issue was not raised in the pleadings. Defendant's answer asserted neither a claim in contract nor one in quantum meruit, yet the issue was raised and disputed at trial. Plaintiff was apparently aware that defendant intended to raise these issues and brought the matter to the attention of the court before trial commenced.

Plaintiff stated that he would object to any evidence offered on these points in lieu of a formal counterclaim. The court indicated that it did not believe a counterclaim was necessary, but also noted that defendant would bear the burden of proving any entitlement to attorney fees. When defendant proceeded to introduce evidence on these issues, plaintiff interposed repeated objections which were overruled by the trial court. Plaintiff now maintains that the court's quantum meruit finding was erroneous as the issue was not raised in a counterclaim.

■ Plaintiff correctly asserts that these issues should properly be raised in a counterclaim. Defendant cannot deny that the entire $31,600 settlement initially belonged to plaintiff. At best, plaintiff could only maintain that $10,069.95 was owed by defendant as attorney fees. At common law, this was known as recoupment, which is "a theory by which a defendant could defeat a plaintiff's claim, in whole or in part, up to but not in excess of the amount of the plaintiff's claim, by setting forth the plaintiff's breach of a mutual contractual obligation," *Thirty–Four Corp. v. Hussey* (May 7, 1985), Franklin App. No. 84AP–337, unreported, 1985 WL 10275, provided the obligation arose from the same transaction as plaintiff's claim. Under the Civil Rules, recoupment is incorporated into the broader concept of a counterclaim under Civ.R. 13. *Id.* See, also, *Conway v. Ogier* (1961), 115 Ohio App. 251, 20 O.O.2d 324, 184 N.E.2d 681 (construing former R.C. 2309.16).

Nevertheless, the Civil Rules contemplate that an action should be tried on its merits. Civ.R. 15 provides as follows:

"(B) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Due to plaintiff's repeated objections, the issue was not tried by the express or implied consent of the parties. In such a case, the rule provides that the trial court may allow an amendment to the pleadings.

In this case, the court did not expressly grant leave to amend, nor did defendant seek to amend its answer. However, this court will construe the trial court's disallowance of plaintiff's objections as the allowance of a motion to amend under Civ.R. 15(B). This is appropriate since both decisions have the same effect: permitting defendant to introduce evidence on the issue at trial. By this action, the presentation of the merits of the case was served and plaintiff was not materially prejudiced. Plaintiff was clearly prepared to disavow the existence of any fee agreement and any prejudice plaintiff may have suffered in being unprepared to rebut defendant's evidence of reasonable value may be cured on remand, as a result of our determination of the first assignment of error. Upon remand, the trial court should grant leave to defendant to amend its answer.

The third assignment of error is not well taken.

■ The fourth assignment of error is readily disposed of since any error therein is nonprejudicial. Plaintiff objects to certain hearsay testimony offered by Bidwell as to Simakis's alleged one-third contingent fee agreement with plaintiff. See Evid.R. 804(B)(5). Since the trial court found no agreement as to attorney fees and rested its decision instead on quantum meruit, this testimony has no further relevance to the case. As stated above, defendant cannot establish the reasonable value of Simakis's services by reference to the alleged terms of a fee agreement which the court did not accept. The court found no meeting of the minds, and thus no agreement.

The fourth assignment of error is also not well taken.

Plaintiff's first assignment of error is sustained, and the second, third, and fourth assignments of error are overruled. The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded for determination of the reasonable value of defendant's services.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

McCORMAC and BROWN, JJ., concur.

ROBERT J. BROWN, J., of the Wayne County Court of Common Pleas, sitting by assignment.