OPINION
Defendant-appellant, Gus Liapis, appeals the decision of the Fairfield Municipal Court awarding plaintiff-appellee, Jacob Norton, $9,700 for appellant's breach of an oral contract.
On April 20, 1998, appellee filed a complaint against appellant and On Point Packaging, Inc. ("OPP"), appellant's company, alleging breach of an oral contract and seeking to recover $9,700 from appellant for unpaid balances for billed work. In his complaint, appellee alleged that he and appellant had entered into an oral contract by which appellee worked as an independently contracting machinist at OPP. On May 19, 1998, appellant filed an answer denying that appellee was an independent contractor, instead asserting that appellee had been an employee and that appellant had not breached any oral contract.
On December 29, 1998, both parties filed pretrial statements. In his pretrial statement, appellee alleged that there had been an oral contract that he would work as an independent contractor and be paid by the part and by the hour. Appellant contested this allegation, arguing that appellee had been an employee paid according to an annual salary and that payments made to appellee reflected this arrangement.
On February 8, 1999, a bench trial was held. It was stipulated that for purposes of trial that appellee should be considered as an independent contractor. Thus, the issue was solely whether the parties had reached an agreement by which appellee was entitled to the $9,700 sought. Appellee voluntarily dismissed OPP, as it had not been incorporated by appellant at the time of the alleged agreement.
The testimony established the following facts: Appellant is the owner and president of OPP, which builds machines to pack plastic and glass bottles into shipping crates. OPP has extensive need of a machinist to manufacture metal and plastic parts.
In early December 1997, appellant met with appellee about appellee becoming an in-house machinist at OPP. At this time, appellee was working as a machinist for Jotco Co., a vendor from which OPP bought parts. Appellee told appellant that he would have to make $50,000 a year if he were to work at OPP. Appellant said that appellee would have to work a probationary period after which they would make a decision on employment and compensation. Appellee agreed, and he began working on December 16, 1997.
As part of the arrangement, appellee brought in his own tools and equipment. Appellant paid for all raw materials, utilities, and other overhead costs. There were discussions about charging rent for the space used by appellee, but rent was never charged, and appellant never calculated an amount for rent. Appellee was requested to keep a list of the parts he made and the time he spent making each part so that appellant could bill OPP's customers.
At the end of December 1997, appellee presented appellant with a handwritten list of the parts he had made. In this list, appellee included a fee of $40 per hour for his work, but this fee was not included for all of the parts. Appellant and appellee reviewed the list, and appellant had some dispute with some of the time that appellee had taken to make certain parts. The parties agreed on a fee of $2,313.25, which corresponded with the amount which appellee had billed.
At the end of January 1998, appellee gave appellant a list of parts completed in the month. This list included the $40 per hour fee, and a total bill of $7,620. Appellant paid appellee $3,000 by check. Appellant testified that he based this amount on a $50,000 per year salary, minus withholdings. He told appellee that he was interested only in the amount of time appellee had worked on parts, not a per hour fee. Appellee accepted the check and continued to work on new parts.
There was dispute as to whether appellee accepted the check as only a partial payment of his asserted bill. Appellee testified that he had received purchase orders for parts when he first started in December and in the beginning of January, but purchase orders were not issued to him beginning some time in February. After that time, OPP employees would tell him what parts to make without issuing purchase orders. Appellee did admit that he and appellant had not expressly agreed to a $40 per hour fee when he presented the January list to appellant.
At the end of February 1998, appellee gave a list of parts completed that month to appellant, which again included the $40 per hour fee, and a total bill of $4,800. Appellant paid appellee $3,500 by check. Appellant testified that he thought this amount was consistent with a $50,000 salary, minus re-estimated withholdings. Again, appellant made a comment about how the $40 per hour fee calculations by appellee did not help appellant in determining how to bill his clients. Appellee accepted the check and continued on new parts. At this point, no paperwork indicating that appellee was an employee had been completed.
In late March 1998, appellee presented appellant with a list of parts completed in the month, which again included the $40 per hour fee, and billed a total of $10,130. There was no list of time spent on each part, only a fee for each part. Appellant paid appellee $3,500, and again commented that appellee's attempts to bill were not appreciated. Appellee made a demand for $9,700, the amount he claimed was past due on his billings, but appellant refused to pay on the basis that appellee was an employee, not an outside vendor. The parties dispute whether appellee had made any previous demands for payment. After this final list was presented, the parties agreed the situation was not working, and appellee removed his equipment and filed suit.
At the conclusion of testimony, both parties presented informal closing arguments. The trial court then made its judgment awarding to appellee $9,700, plus pre-judgment and post-judgment interest. On March 18, 1999, the trial court filed its judgment entry finalizing the award to appellee. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENTERING JUDGMENT AGAINST APPELLANT THAT WAS CONTRARY TO ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW.
 In his first assignment of error, appellant contends that the trial court's judgment was not supported by its findings of fact and conclusions of law. Appellant argues that the trial court found that no contract existed between the parties, and that, as a result, appellee should not have been granted relief.
In rendering its judgment, the trial court specifically stated that the parties did agree that appellee would work at the OPP premises as a parts machinist. Based upon this agreement, appellee moved in his equipment and began making parts according to the requests of appellant and the OPP employees. The trial court found that, although the parties had not expressly agreed on the appellee's compensation, they had arrived at a method of payment when appellant accepted the first bill submitted by appellee, which included the $40 per hour fee. At this point, appellee had begun performance on the oral agreement, and appellant's acceptance of that partial performance was sufficient to indicate that an arrangement for compensation had been reached.
Thus, the trial court's judgment is supported by its findings of fact. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SHIFTING THE BURDEN OF PROOF TO APPELLANT AND ENTERING JUDGMENT ON A CLAIM NOT AT ISSUE IN THE PLEADINGS.
 In his second assignment of error, appellant contends that the trial court erroneously shifted onto him the burden of proving whether the $40 fee charged by appellee was unreasonable. Appellant further contends that the trial court further erred by entering judgment on an account, not breach of an oral contract.
In rendering its judgment, the trial court found that appellant had failed to demonstrate that the $40 per hour fee charged by appellee was unreasonable. Appellant argues that in making this finding, the trial court shifted the burden of proof so that appellee was not required to first prove that the fee was reasonable or that the parties had agreed that the fee was reasonable.
Appellant is correct that appellee was first required to prove that the fee charged was either reasonable or agreed upon. See Gioffre v. Simakis (1991), 72 Ohio App.3d 424. Nothing in the trial court's judgment indicates otherwise. Instead, all indications are that the trial court believed that appellee had proven that the $40 fee was found reasonable by the parties. Upon being presented with appellee's first bill at the end of December, a bill which included the $40 per hour fee, appellant paid this bill without disagreeing to the charged fee, only some of the time worked. Thus, appellee provided evidence which established that the fee was reasonable. It was incumbent upon appellant to refute this evidence, and the trial court found that he had failed to do so.
As to the account/oral contract issue presented by appellant, in its judgment entry, the trial court ruled that "the plaintiff [appellee] has sustained his burden of proof as to the essential allegations of his cause of action." The only cause of action before the trial court was that included in appellee's complaint — breach of an oral contract. A review of the transcript of the proceedings makes it clear that the trial court did rely heavily upon the bills submitted by appellee in making its decision. It is also clear that the trial court believed that these bills could be considered an account.
The trial court determined that the parties had reached an agreement as to how appellee would work for appellant, and that they had established by conduct a method of payment, not that there was a claim founded upon an account. An agreement to agree, like that initially entered into by the parties, is enforceable, and the issue of intention to be bound by such an agreement is a question of fact to be resolved by the trier of fact. OglebayNorton Co. v. Armco, Inc. (1990), 52 Ohio St.3d 232, 235 (percuriam). Where the price term is left undecided in the original agreement, it may be established through the course of dealing between the parties, or supplied by the court if a fair and equitable result is possible. Id. at 236-237.
In the present case, the trial court found that the essential elements of an oral contract were established, and appellant was found to have breached that contract by refusing to pay in full appellee's submitted bills. A court speaks through its entry, and the trial court found that appellee had proven the essential elements of his claim for breach of an oral contract. The evidence presented would support such a result, as appellee demonstrated that the parties had entered into an agreement that he would work for OPP as an independent contractor, that appellant's conduct in paying the first bill submitted by appellee established a reasonable value for appellee's services, and that appellant later refused to pay for these services.
If appellant had believed that the trial court entered its judgment based upon a claim other than that included in the complaint, it was incumbent upon appellant to request findings of fact and conclusions of law from the trial court pursuant to Civ.R. 52.[1] By such a request, if the trial court had entered judgment upon a claim not before it, as appellant suggests happened, any alleged defect in the judgment could be highlighted or corrected. In the instant case, the trial court's judgment entry does not indicate that the trial court rendered its judgment upon a claim not properly before the court. We must accept the judgment entry as a correct and unambiguous expression of the trial court's resolution of appellee's breach of an oral contract claim.
Therefore, we find that the trial court did not err in finding that appellant had failed to disprove the reasonableness of appellee's fee, and the trial court did not enter judgment upon a claim not before the court. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] Civ.R. 52 states:
 When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.