# ROBERT BARCLAY and AMY his wife *against* JONATHAN THOMPSON.

### IN ERROR.

An action of slander will not lie in Pennsylvania for words spoken in another state, when the offence charged by those words, is not indictable in that state, although it may be indictable here.

ERROR to the Common Pleas of Warren county.

This was an action of slander, brought by *Barclay* and wife against *Thompson.* The declaration charged the defendant with having said of the plaintiff's wife, that she had been guilty of adultery.

The evidence established the fact, that the words were spoken in the state of New York; and the place where the defendant alleged the offence to have been committed, was also in New York.

*Shippen, President*—Instructed the jury, that the plaintiff could not support his action ; and this, on the ground that the crime of adultery was not an indictable offence in the state of New York.

The jury found a verdict accordingly.

*Galbreath* and *Barritt* for plaintiff in error

Cited *Vananhin* v. *Westfall*, 14 *Johns. Rep.* 233.  4 *Cowen,* 508.  *Church* v. *Hubbard,* 2 *Cranch,* 187.

The place where the words were spoken can only be taken advantage of by special plea. *Collett* v. *L'd. Keith.* 2 *East.* 273. *Mostyn* v. *Farrigas, Cowper,* 174.  *Stark, Ev.* 567.  A foreign law must be pleaded and proved.

*Pearson* for defendant in error, whom the Court declined to hear.

Judgment affirmed.