HERBERT G. SCHMIDT, A MINOR, BY HIS MOTHER AND
NATURAL GUARDIAN, MATIE T. SCHMIDT,
v. DRISCOLL HOTEL, INC., d.b.a. THE
HOOK-EM-COW BAR AND CAFE.

82 N. W. (2d) 365.

April 12, 1957—No. 36,973.

*Daniel T. Cody, J. M. Daly, Lipschultz, Altman, Geraghty & Mulally,* and *H. E. Cochrane,* for appellant.

*Hoffmann, Donahue & Graff* and *T. Eugene Thompson,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Plaintiff, Herbert G. Schmidt, a minor, instituted this action by his mother and natural guardian, Matie T. Schmidt, against the Driscoll Hotel, Inc., doing business as The Hook-Em-Cow Bar and Cafe in South St. Paul, for damages alleged to have resulted from defendant's illegal sale of intoxicants to one John Sorrenson.

The complaint alleged that defendant illegally sold intoxicating liquors to Sorrenson to the extent of causing him to become intoxicated in defendant's establishment in South St. Paul so that shortly thereafter, as a proximate result thereof, plaintiff sustained injuries when an automobile driven by Sorrenson, in which plaintiff was a passenger, was caused to turn over near Prescott, Wisconsin.

Defendant denied the material allegations of the complaint and alleged that it failed to state a claim against it. Subsequently, it moved to dismiss the action on the ground that the pleadings failed to state a claim against the defendant and that the court lacked jurisdiction.

On April 28, 1956, the trial court made its order granting defendant's motion. In the order granting the same, the trial court determined that "No penalty by way of collecting damages arose under M. S. A. 340.95 [Civil Damage Act], unless the injury was inflicted in the state. No civil action to collect the penalty arose unless the illegal sale in the state was followed by an injury in the state.' * * * M. S. A. 340.95 does not provide for extraterritorial effect, * * *."

This is an appeal from the judgment entered pursuant to the foregoing order.

■ M. S. A. 340.14, subd. 1, provides: "No intoxicating liquor shall be sold * * * to any person obviously intoxicated * * *." M. S. A. 340.95, commonly known as the Civil Damage Act, provides that: "Every * * * person who is injured in person or property, * * * by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; * * *." We have recently held this provision to be essentially remedial in nature although penal in its characteristics. Adamson v. Dougherty, 248 Minn. 535, 81 N. W. (2d) 110.

■ It is defendant's position that the action is governed by the law of torts and that, since the last act in the series of events for which plaintiff instituted his action occurred in Wisconsin, which has no Civil Damage Act similar to § 340.95,[1] the latter can have no application in determining plaintiff's rights or defendant's liability. In support thereof defendant cites Restatement, Conflict of Laws, § 377, which states:

"The place of wrong is in the state where the last event necessary to make an actor liable for an alleged tort takes place."

And § 378, which states:

"The law of the place of wrong determines whether a person has sustained a legal injury."

■ The allegations of the complaint by which we are bound for the purposes of this appeal make clear that plaintiff's damages are the result of two distinct wrongs—one committed by defendant in Minnesota when it sold Sorrenson intoxicating liquors in violation of M. S. A. 340.14, subd. 1; and one committed by Sorrenson in Wisconsin when his negligence caused the car in which plaintiff was riding to turn over. It cannot be disputed that, had plaintiff's action been against Sorrenson for his negligence, his rights would be governed by the law of Wisconsin applicable in tort actions of this kind. Sohm v. Sohm, 212 Minn. 316, 3 N. W. (2d) 496; Hardgrove v. Bade,

---

[1]Cf. Wis. Stat. 1955, § 176.35.

190 Minn. 523, 252 N. W. 334. But, even if at the time of the accident there had been in effect in Wisconsin a statute similar to § 340.95, it is doubtful if it could be applied to ascertain plaintiff's rights against defendant since there is nothing here to support a claim that defendant ever consented to be bound by Wisconsin law. See, Scheer v. Rockne Motors Corp. (2 Cir.) 68 F. (2d) 942; Young v. Masci, 289 U. S. 253, 53 S. Ct. 599, 77 L. ed. 1158.

■ From the foregoing, it would follow that, if the principles expressed in Restatement, Conflict of Laws, §§ 377 and 378, are held applicable to multistate fact situations like the present, then neither the laws of the state where the last event necessary to create tort liability took place nor the laws of the state where the liquor dealer's violations of the liquor statutes occurred would afford an injured party any remedy against the offending liquor dealer for the injuries which resulted from his statutory violations. The result would be that here both the interest of Wisconsin in affording whatever remedies it deems proper for those injured there as the result of foreign violations of liquor laws (Watson v. Employers Lia. Assur. Corp. 348 U. S. 66, 75 S. Ct. 166, 99 L. ed. 74), and the interest of Minnesota in admonishing a liquor dealer whose violation of its statutes was the cause of such injuries; and in providing for the injured party a remedy therefor under the Civil Damage Act would become ineffective. See, Levy v. Daniels' U-Drive Auto Renting Co. Inc. 108 Conn. 333, 143 A. 163, 61 A. L. R. 846; Gordon v. Parker (D. Mass.) 83 F. Supp. 40.

■ We feel that the principles in Restatement, Conflict of Laws, §§ 377 and 378, should not be held applicable to fact situations such as the present to bring about the result described and that a determination to the opposite effect would be more in conformity with principles of equity and justice. Here all parties involved were residents of Minnesota. Defendant was licensed under its laws and required to operate its establishment in compliance therewith. Its violation of the Minnesota statutes occurred here, and its wrongful conduct was complete within Minnesota when, as a result thereof, Sorrenson became intoxicated before leaving its establishment. The

consequential harm to plaintiff, a Minnesota citizen, accordingly should be compensated for under M. S. A. 340.95 which furnishes him a remedy against defendant for its wrongful acts. By this construction, no greater burden is placed upon defendant than was intended by § 340.95.

■ In arriving at this conclusion, we have in mind decisions of a number of jurisdictions which have reached similar results in situations, which, though not involving civil damage acts, presented factual circumstances comparable to those here. Gordon v. Parker (D. Mass.) 83 F. Supp. 40; Levy v. Daniels' U-Drive Auto Renting Co. Inc. 108 Conn. 333, 143 A. 163; 61 A. L. R. 846; Moore v. Pywell, 29 App. D. C. 312, 9 L.R.A.(N.S.) 1078; Gratz v. Claughton (2 Cir.) 187 F. (2d) 46; Caldwell v. Gore, 175 La. 501, 143 So. 387; see, Ehrenzweig, *The Place of Acting in Intentional Multistate Torts: Law and Reason Versus the Restatement,* 36 Minn. L. Rev. 1; Rheinstein, *The Place of Wrong: A Study in the Method of Case Law,* 19 Tulane L. Rev. 4; Id. 165.

In Gordon v. Parker, *supra,* an action for alienation of affections was instituted in Massachusetts by plaintiff, who, with his wife, was domiciled in Pennsylvania. Therein it appeared that defendant's wrongful acts had taken place in Massachusetts, and accordingly plaintiff sought the application of a Massachusetts statute relating to alienation of affections. Defendant contended that, since the matrimonial domicile of the parties was in Pennsylvania, which accordingly was the place where the ultimate wrong was done to plaintiff, only Pennsylvania law could be applied. In denying this contention and applying the Massachusetts statute, the court stated (83 F. Supp. 42):

"This is not a situation in which the interests of Pennsylvania plainly outweigh those of Massachusetts. The social order of each is implicated. As the place of matrimonial domicil, Pennsylvania has an interest in whether conduct in any part of the world is held to affect adversely the marriage relationship between its domiciliaries. But, as the place where the alleged * * * wrongdoer lives, Massachusetts also has an interest. She is concerned with conduct

within her borders which in her view lowers the standards of the community where they occur. She also is concerned when her citizens intermeddle with other people's marriages."

■ We recognize that the courts of Illinois (Eldridge v. Don Beachcomber, Inc. 342 Ill. App. 151, 95 N. E. [2d] 512, 22 A. L. R. [2d] 1123) and New York (Goodwin v. Young, 34 Hun 252) have reached opposite conclusions in construing civil damage acts similar to § 340.95. However, we feel that the situations presented in such cases, as well as that presented here, do not compel application of Restatement, Conflict of Laws, §§ 377 and 378, and that our determination that other principles apply will better afford Minnesota citizens the protection which the Civil Damage Act intended for them.

Reversed.