## Bednarowicz, Appellant, *v.* Vetrone.

386

Argued May 27, 1960. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and Eagen, JJ.

*Philip Werner Amram,* of the Washington, D. C. Bar, with him *John M. Wolford,* for appellants.

*A. Grant Walker,* with him *Gifford, Graham, Mac-Donald & Illig,* for appellee.

OPINION BY MR. JUSTICE BELL, June 30, 1960:

Plaintiffs brought an action in trespass for the death of one guest passenger and severe injuries to another guest passenger in an automobile driven by the defendant. Plaintiffs alleged in their amended complaint that defendant, driving at a speed of from 40 to 50 miles an hour, suddenly drove her automobile off the road and struck a culvert 84 feet north of where the vehicle left the road with such force that the vehicle turned end over end. Plaintiffs further alleged that defendant had the duty to operate the vehicle (a) with reasonable caution and care, and (b) within the confines of the highway. Plaintiffs also alleged that defendant's action in driving off the road "constituted negligence and gross or wanton negligence".

Plaintiffs and defendant were residents of Pennsylvania at the time of the accident; the accident occurred in Ontario, Canada. Defendant filed an answer in which she averred under new matter Section 50 of "The Highway Traffic Act" of the Province of Ontario. Section 50 provides that "the owner or driver of a motor vehicle, other than a vehicle operated in the business of carrying passengers for compensation, shall not be liable for any loss or damage resulting from bodily injury to, or the death of any person being carried in, or upon, or entering, or getting on to, or alighting from the motor vehicle."

Plaintiffs filed a reply admitting the averments in the new matter, but denied the relevancy of the law of Ontario. The lower Court in an able opinion made absolute defendant's rule to show cause on her "Motion for Judgment on the Pleadings" and entered judgment for defendant on the pleadings. From this judgment plaintiffs took this appeal.

In considering a judgment on the pleadings, it is Hornbook law that all the facts which are well pleaded

by the adversary, together with all reasonable inferences therefrom are admitted, but conclusions therefrom and averments of law are not admitted: *Robinson v. Philadelphia*, 400 Pa. 80, 161 A. 2d 1; *Fawcett v. Monongahela Railway Co.*, 391 Pa. 134, 137 A. 2d 768.

The lower Court held that this case was controlled by the principle of lex loci delicti; the plaintiffs contend (principally) that lex loci fori governs. The pivotal question is which of these two principles applies? If the accident had occurred in Pennsylvania plaintiffs undoubtedly would have averred a valid cause of action. However, the accident occurred in the Province of Ontario and under the law of Ontario a guest passenger has no cause of action for damages resulting from the negligence or wanton negligence of the driver or owner of the automobile. This question of lex loci delicti or lex loci fori has been repeatedly ruled, adversely to plaintiffs, by this Court, which has held that lex loci delicti applies: *Randall v. Stager*, 355 Pa. 352, 354, 49 A. 2d 689; *Mackey v. Robertson*, 328 Pa. 504, 506, 195 A. 870; *Rodney v. Staman*, 371 Pa. 1, 3, 89 A. 2d 313; *Julian v. Tornabene*, 171 Pa. Superior Ct. 333, 90 A. 2d 346; *Maxson v. McElhinney*, 370 Pa. 622, 624, 88 A. 2d 747; *Limes v. Keller*, 365 Pa. 258, 74 A. 2d 131; *Carney v. Carney*, 35 Pa. D. & C. 221; Restatement, Conflict of Laws, §§378, 384; see also to the same effect: *Kaiser v. North*, 292 Mich. 49 (1939).

In *Rodney v. Staman* the plaintiff and defendant were both residents of Pennsylvania; the accident occurred in Ohio. The Court said (page 3): "The substantive rights of the parties are, of course, to be determined according to the law of Ohio—the place of the alleged tort: Mackey v. Robertson, 328 Pa. [supra]."

The Restatement, Conflict of Laws, well states the law on the points here involved:

Section 378: "The law of the place of wrong determines whether a person has sustained a legal injury."

Section 384: "(1) If a cause of action in tort is created at the place of wrong, a cause of action will be recognized in other states. (2) If no cause of action is created at the place of wrong, no recovery in tort can be had in any other state." Comment b following §384: "The statement in Subsection (2) is applicable although, in the state where the action is brought, a cause of action would have been created under the circumstances either by the common law or by statute."

The general rule, recognized by Courts and text writers alike, is that whether a tortious act is actionable must be determined by the law of the Country or the State where the act occurs.

Plaintiffs contend: (1) That procedural rights are governed by the principle of lex loci fori. However, the question here involved is not a matter of procedure, but a question of substantive rights.

(2) We should change or overrule our prior decisions because the Restatement is considering changing the principle it has hereinabove stated.

(3) The Ontario statute is a violation of the public policy of this Commonwealth which permits recovery by guest passengers and it should therefore be rejected.

(4) The Ontario statute, if enacted in Pennsylvania, would violate the Constitution of Pennsylvania and of the United States.

Notwithstanding the able and ingenious argument of plaintiffs, we find no merit in any of these contentions. The Constitution of the United States is the supreme law of this land, but neither the Pennsylvania Constitution nor the Federal Constitution has extra territorial force and effect so far as a tort in another Country is concerned: Cf. *American Banana Co. v. United Fruit Co.*, 213 U.S. 347; *Kaiser v. North*, 292

Mich. 49; *LeForest v. Tolman,* 117 Mass. 109; *Howard v. Howard,* 200 N.C. 574; *Kansas City Southern Railway Co. v. Phillips,* 174 Ark. 1019; Beale, the Conflict of Laws, Vol. 2, §§378.3, 378.4 (pages 1290-1292).

Plaintiffs argue that since Pennsylvania recognizes a right of action for an accident occurring in this state by the negligence or wanton negligence of the defendant, any law in a foreign country which bars such a right or remedy is contrary to Pennsylvania Public Policy and Pennsylvania law, and should not be recognized or enforced in Pennsylvania. The instant case does not involve or abolish a right or even a remedy which plaintiffs possess. Plaintiffs possess no right or cause of action in the state (Ontario) where the accident occurred, and therefore are not deprived of a right or remedy by our Courts since no right or cause of action ever existed in them in, or under the law of Ontario.

Plaintiffs further contend that where there is a conflict of laws, the law of the Province of Quebec would recognize this action if suit for damages were brought in Quebec instead of in Ontario: *McLean v. Pettigrew,* 2 D.L.R. 65 (Supreme Court of Canada, 1945). There are two answers to this contention: (1) That case was decided under French law which apparently has under its principle of Conflict of Laws two requirements (a) the wrong must be of such a character that it would have been actionable if committed in the Province where the suit was brought, and (b) the act must not have been justifiable by the law of the place where it was committed.

(2) The second and most important answer is that our decisions on the question of Conflict of Laws are irreconcilable with those recognized by some Canadian Courts and are directly in point and adverse to the plaintiffs.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.