**Richard P. WATTS, Administrator of the Estate of Ronald Arthur Storz, Deceased, Plaintiff-Appellant,**

v.

**PIONEER CORN COMPANY, Inc., and Harold J. Goodrich, Defendants-Appellees.**

**No. 14690.**

United States Court of Appeals Seventh Circuit.

Feb. 11, 1965.

Rehearing Denied April 7, 1965.

Gerald A. Gernstein, Jeffersonville, Ind., Howard S. Young, Indianapolis, Ind., H. Solomon Horen, Louisville, Ky., for plaintiff-appellant.

Geoffrey Segar, Samuel J. Trueblood, Alan H. Lobley, Indianapolis, Ind. (Ice, Miller, Donadio & Ryan, Indianapolis, Ind., of counsel), for defendants-appellees.

Before DUFFY and CASTLE, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

This diversity action for wrongful death was commenced in the Southern District of Indiana by a Kentucky administrator against two Indiana defendants. Plaintiff's decedent, a resident of Kentucky, was killed in an accident in Illinois in which his car collided with a truck owned by defendant corporation and driven by defendant Goodrich. At the time of his death, the decedent was twenty-one years old, unmarried, and had no dependents. The five potential beneficiaries of this action are all residents of Indiana.

The defendants moved to dismiss the complaint on the grounds that there could be no recovery in excess of $10,000, and that the plaintiff failed to state a claim against the defendants on which relief could be granted. The trial court sustained the motion, and the plaintiff is appealing.

The issue presented by this appeal is whether the law of Indiana or the law of Illinois governs the damage question in this case.

The Indiana wrongful death statute [1] predicates recovery on dependence of the beneficiaries on the deceased. It is argued that the Illinois wrongful death statute [2] does not have a similar requirement, although the question is open to dispute. In view of the result reached in this case, a determination of that question is not necessary.

The appellant urges that the Illinois statute is controlling in this case because the law of the place of wrong governs the right to recover. In the past the "place of wrong" choice of law rule has been generally applied. This rule, founded on a "vested rights" theory, has been vigorously criticized as failing to cope with the complexities of modern day multistate occurrences. The inadequacy of the mechanical application of the *lex loci delecti* has caused many courts in recent years to abandon it in favor of a more flexible rule for choice of law.

In Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953), the Supreme Court upheld the constitutionality of a forum state, Pennsylvania, applying its own one-year statute of limitations for wrongful death actions to a case arising out of a death in Alabama and brought under the Alabama wrongful death statute, which had a two-year statute of limitations.

In Grant v. McAuliffe, 41 Cal.2d 859, 264 P.2d 944, 42 A.L.R.2d 1162 (1953), the question of whether a cause of action

---

1. Burns' Ind.Stat.Ann. § 2–404.

2. 70 Ill.Ann.Stat. §§ 1 and 2.

would survive the death of the tort-feasor was decided under California law even though the accident occurred in Arizona where an opposite rule applied. The issue was characterized as a problem of administering decedents' estates. The court pointed out that the decedent's estate was in California and that that was the state where letters of administration had been granted.

Wisconsin has decided that the question of interspousal liability is to be decided by the law of the domicile of the parties and not by the law of the place of the wrong. Haumschild v. Continental Casualty Co., 7 Wis.2d 130, 95 N.W.2d 814 (1959). See also Brunke v. Popp, 21 Wis.2d 458, 124 N.W.2d 642 (1963), and Parchia v. Parchia, 24 Wis.2d 659, 130 N.W.2d 205 (1964).

Minnesota has held a defendant liable under its "dram shop" act for damages arising from an accident in Wisconsin where there was no "dram shop" law. The court pointed out that Minnesota was the place of the sale of intoxicants and the domicile of both parties. Schmidt v. Driscoll Hotel, Inc., 249 Minn. 376, 82 N.W.2d 365 (1957).

In Pearson v. Northeast Airlines, Inc., 309 F.2d 553 (2d Cir. 1962), cert. denied 372 U.S. 912, 83 S.Ct. 726, 9 L.Ed.2d 720 (1963), an action was commenced in New York under the Massachusetts wrongful death statute, where the death occurred. The court, en banc, held it was constitutional for New York law to govern the amount of recovery even though the Massachusetts statute specifically limited recovery to $15,000. The New York law placed no limitation on the damages for wrongful death. The court rejected the idea that the law of the place of wrong had reached the elevation of constitutional status. This case upheld the principle announced in Kilberg v. Northeast Airlines, Inc., 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961).

The question of the amount of recovery in wrongful death actions was considered recently by the Pennsylvania Supreme Court in Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964).

The court, in re-examining its choice of law rules to assure that they were "in harmony with the realities of this age," abandoned the place of wrong rule and adopted "a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court." (Page 805)

The result of the new rule was the application of the Pennsylvania law as to recovery in lieu of the law of Colorado, the place of the wrong. Factually, this case involved the death of a Pennsylvania resident in the Colorado crash of a flight from Pennsylvania to Arizona.

A similar rule was enunciated in Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963). An automobile accident in Ontario resulted in the commencement, in New York, of an action by a guest against the host-driver, both of whom were residents of New York. The law of Ontario provided that a host is not liable for damages suffered by a guest. New York law, which would not bar such recovery, was held applicable.

As was pointed out in Babcock, the decisions discussed above have "rejected the inexorable application of the law of the place of the tort where that place has no reasonable or relevant interest in the particular issue involved. And * * * applied the law of some jurisdiction other than the place of the tort because it had a more compelling interest in the application of its law to the legal issue involved." (240 N.Y.S.2d at 749, 191 N.E.2d at 283)

Previous to the recent decisions above set forth, these jurisdictions had followed the old rule that the place of the wrong governed. Loranger v. Nadeau, 215 Cal. 362, 10 P.2d 63, 84 A.L.R. 1264 (1932); Sharp v. Johnson, 248 Minn. 518, 80 N.W. 2d 650 (1957); Forbes v. Forbes, 226 Wis. 477, 277 N.W. 112 (1938); Estate of Bednarowicz v. Vetrone, 400 Pa. 385, 162 A.2d 687 (1960); Kaufman v. American Youth Hostels, Inc., 5 N.Y.2d 1016, 185 N.Y.S.2d 268, 158 N.E.2d 128 (1959).

The tentative draft of the Restatement (Second) has accepted a flexible approach

to this type of problem. Restatement (Second), Conflict of Laws, § 379 (Tent. Draft No. 9, 1964).

The Supreme Court has recognized this trend and given it approval. In Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 594, 7 L.Ed.2d 492 (1962), the court held that under the Federal Tort Claims Act the whole law, including the choice of law rules, of the state where the negligent act or omission occurred is to be applied. In commenting on the power of a state to adopt flexible choice of law rules for multistate situations, the court stated at page 15, 82 S.Ct. at page 594:

> " * * * Where more than one State has sufficiently substantial contact with the activity in question, the forum State, by analysis of the interests possessed by the States involved, could constitutionally apply to the decision of the case the law of one or another state having such an interest in the multistate activity.
>
> * * * * "

The law of Indiana does not yet have such a choice of law rule in the tort area. The Supreme Court of Indiana has adopted this approach to contract problems touching more than one state. The rule, as formulated in W. H. Barber Co. v. Hughes, 223 Ind. 570, 63 N.E.2d 417 (1945), is:

> " * * * The court will consider all acts of the parties touching the transaction in relation to the several states involved and will apply as the law governing the transaction the law of that state with which the facts are in most intimate contact.
> * * * " (63 N.E.2d at 423)

More recently, the rule was applied in an action founded on a breach of implied warranty. Damages were sought for an injury which resulted from a defective intermedullary pin being placed in plaintiff's broken leg. The pin was manufactured in Indiana, the forum state, and sold to a firm in Michigan which supplied it to the hospital in Michigan where the pin was placed in plaintiff's leg. The contention that the contract of sale was an Indiana contract was rejected, and Michigan law of implied warranty was applied since the transaction was most closely associated with Michigan. Bowles v. Zimmer Manufacturing Co., 277 F.2d 868, 76 A.L.R.2d 120 (7th Cir. 1960).

In the present case, the state of Indiana has a more significant relationship to this case on the issue of recovery for nondependents than Illinois has. The five potential beneficiaries as well as the two defendants are all residents of Indiana. If the Illinois statute applies, the Indiana requirement of dependence as a prerequisite for recovery in a wrongful death situation would be circumvented by the fortuitous occurrence of the accident in Illinois. That state does not have a sufficiently substantial interest in the recovery of damages by Indiana beneficiaries from Indiana defendants.

Considering the trend of decisions abandoning the place of wrong rule and the Indiana approach to choice of law rules, as stated in W. H. Barber Co. v. Hughes, supra, and applied in Bowles v. Zimmer Manufacturing Co., supra, this court decides that the courts of Indiana would apply its law to the issue presented by the facts in this case. Under Indiana law, plaintiff has failed to state a claim against defendant on which recovery could be had of the required jurisdictional amount and, as a matter of fact, on which relief could be granted.

The order appealed from is hereby affirmed.

CASTLE, Circuit Judge (concurring).

I agree with the result reached by Judge Grubb but would rest affirmance on the basis the Illinois wrongful death statute (Ill.Rev.Stat.1959, ch. 70, §§ 1 and 2) governs the amount recoverable and requires dependency as a prerequisite to recovery of compensatory damages by next of kin. Although Barrow v. Lence, 17 Ill.App.2d 527, 151 N.E.2d 120, (Fourth District) appears to be in disagreement with Rust v. Holland, 15 Ill. App.2d 369, 146 N.E.2d 82, 67 A.L.R.2d 739, (Second District) as to the effect

of the 1955 amendment to Section 2 of the Illinois statute requiring distribution of the proceeds in proportion to the percentage of dependency, I am of the view the latter case reflects a proper interpretation of the amendment.