## Markiewicz v. Needham

*Richard L. Jim,* for plaintiff.

*Kunkle, Walthour & Garland,* for defendant.

SCULCO, J., July 5, 1966.—This case originated as a result of a complaint in trespass filed by plaintiff setting forth that while riding as a passenger in a vehicle operated by defendant in the Province of Ontario, Canada, plaintiff sustained personal injuries when the vehicle collided with a concrete abutment. Defendant filed an answer and, under the heading of new matter, raised the question of the applicability of the Revised Statutes of Ontario 1960, specifically chapter 172, being The Highway Traffic Act, which provides, in Part X, in pertinent part, as follows:

"Section 105 (1) The owner of a motor vehicle is liable for loss or damage sustained by any person by reason of negligence of the operation of the motor vehicle on a highway unless the motor vehicle was without the owner's consent in the possession of some person other than the owner or his chauffeur, and the driver of a motor vehicle not being the owner is liable for the same extent as the owner.

"(2) Notwithstanding subsection 1, the owner or driver of a motor vehicle, other than a vehicle operated in the business of carrying passengers for compensation, is not liable for any loss or damage resulting from bodily injury to or the death of any person being carried in, or upon, or entering, or getting on to, or alighting from the motor vehicle".

To this new matter, plaintiff filed an answer denying the applicability of the aforesaid statute of Ontario. Following this, defendant filed a motion for judgment on the pleadings, which is the matter presently before the court for determination.

The factual situation presented by the case at hand

is not new to Pennsylvania, and in Bednarowicz v. Vetrone, 400 Pa. 385, 162 A. 2d 687 (1960), the identical situation was presented, and the matter was decided by the Supreme Court of Pennsylvania by applying the law of place of injury. However, in 1964, the Supreme Court, in Griffith v. United Airlines, Inc., 416 Pa. 1, 203 A. 2d 796, announced a new rule with respect to the resolution of conflict of laws questions and there held that the matter should be determined by the local law of the State which had the most significant relationship with the occurrence and the parties. In that case, which was an action in assumpsit, a decedent who had been a domiciliary of Pennsylvania was killed in an airplane accident in Colorado. The personal representative of decedent's estate brought an action in Pennsylvania to recover under the Pennsylvania Survival Statute. The Colorado law limiting the measure of the damages in fatal accidents was pleaded in defense. The Pennsylvania Supreme Court rejected the applicability of the Colorado law and applied the measure of damages as set forth under the law of Pennsylvania. Defendant herein contends, however, that the Griffith case is not applicable to the present facts because in that case both the law of Colorado, the situs of the accident, and the law of Pennsylvania, the forum, recognized the validity of and availability of an action against the tortfeasor whose activities had resulted in the death of plaintiff's decedent; whereas, in the present case, the Province of Ontario specifically by statue prohibits the action that plaintiff is attempting to assert. Defendant also contends that two cases decided since the Griffith case have demonstrated quite clearly that our Supreme Court has not completely eliminated the lex loci delicti in the resolution of conflict of laws cases. The defense cites Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A. 2d 318 (1966), and McSwain v. McSwain, 420 Pa. 86, 215 A. 2d 677

(1966). The defense argues that the Elston case stands for the proposition that the law of the situs is applied where that law prohibits the action asserted in the forum. The Elston case involved an action for injuries sustained in a New Jersey industrial plant by plaintiff, a Pennsylvania resident, while operating a fork lift truck supplied his New Jersey employer by defendant, a Pennsylvania corporation. Plaintiff brought an action in Pennsylvania seeking recovery for injuries, and the original supplier defendant sought to join plaintiff's New Jersey employer to obtain contribution. The law of Pennsylvania would have permitted the joinder and the law of New Jersey prohibited it. The court applied the law of New Jersey, but in doing so, it reasoned that the application of the Pennsylvania rule would interject a limitation on the manner by which the State of New Jersey could determine to meet the social costs of its industrial accidents, and that the Pennsylvania Workmen's Compensation program would not be disrupted by giving limited range to the equities underlying contribution. The court held that the New Jersey workmen's compensation program was most significantly involved in the matter, and found that Industrial, having elected to transact business in New Jersey and having exposed itself to a policy and program which fails to give reign to contribution, was bound by that determination. The site of the accident in the Elston case was not fortuitous. Industrial delivered a fork lift truck to a New Jersey industrial plant for use therein, and we believe that the interpretation of the Elston case given to it by defendant herein is too broad.

In the McSwain case, a wife sued her husband for the wrongful death of their infant daughter resulting from an automobile accident which occurred in Colorado. The Supreme Court applied the law of Pennsylvania to prohibit an action by a married woman

against her husband except for types of actions not here pertinent. A critical reading of the McSwain case reveals that the Supreme Court's choice of law was based upon an analysis of the interests of the various states factually involved, and that it based its application of Pennsylvania law upon its conclusion that the matter was essentially a Pennsylvania family controversy and, in addition, that any interests Colorado might have in the litigation would not be disserviced by the application of the law of the forum. We do not agree with defendant herein that the McSwain case shows that the lex loci delicti theory has not been abandoned in Pennsylvania, and it is our view that the choice of law to be applied in the present controversy must be based upon the method set forth in the Griffith case.

Plaintiff and defendant herein were both domiciliaries of Westmoreland County, Pa., and both own businesses here. Except for some bills incurred at a Canadian hospital, plaintiff has incurred most of his medical expenses in Westmoreland County. It is alleged that he will in the future spend large sums of money for medical care in Westmoreland County, Pa. In short, the majority of his alleged damages have occurred here. In Griffith, our Supreme Court said that the strict lex loci delicti rule was abandoned in Pennsylvania in favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court, and that a policy-analysis approach is to replace the place-of-injury rule. The application of the Griffith method to the facts of the instant case makes it clear that the concern of Pennsylvania, as opposed to the interests of Ontario, is unquestionably the greater and more direct and that the interest of Ontario is, at best, minimal. The action involves injuries sustained by a Pennsylvania guest as the result of the alleged negligence

of a Pennsylvania host in the operation of a vehicle licensed and, undoubtedly, insured in Pennsylvania in the course of a journey which began in Pennsylvania and which was to end there. The policy of Pennsylvania is to require a tortfeasor to compensate the guest passenger for injuries caused by his negligence. The fact that an accident solely affecting Pennsylvania residents and arising out of the operation of a Pennsylvania-based vehicle happened beyond Pennsylvania's borders is not reason for departing from that policy. Ontario, on the other hand, has no interest that is conceivable in denying a remedy to a Pennsylvania guest against his Pennsylvania host for injuries suffered there. It has been said that the object of Ontario's guest statute is to prevent fraudulent assertion of claims by passengers in collusion of the drivers against insurance companies: Babcock v. Jackson, 12 N. Y. 2d 473, 191 N. E. 2d 279 (1963). The fraudulent claims intended to be prevented by the statute are those against Ontario defendants and their insurance carriers, not Pennsylvania defendants and their carriers, as the latter is not a valid legislative concern of Ontario. In the Griffith case, our Supreme Court said that the State in which the injury occurred has little interest in the matter unless defendant acted in reliance upon the State's rule. Where the tort is unintentional, the reliance argument is untenable. In the present case, the place of the accident was fortuitous. From the foregoing analysis, we conclude that on the information before us a valid cause of action in trespass has been stated and that the law of Pennsylvania, rather than that of Ontario, is properly applicable. Therefore, defendant's motion for judgment on the pleadings is denied.

### ORDER

And now, to wit, July 5, 1966, after argument and after due and careful consideration, it is ordered,

adjudged and decreed that the motion for judgment on the pleadings be and the same hereby is denied.