James WAGNER, as Administrator of the Estate of Douglas K. Jones, Deceased, Plaintiff,

v.

FREIGHTLINER CORPORATION, Defendant.

Richard GOUDY, as Executor of the Estate of Patricia E. Beaver, Deceased, Plaintiff,

v.

FREIGHTLINER CORPORATION, Defendant.

Nos. IP 83–1673–C, IP 83–1674–C.

United States District Court, S.D. Indiana, Indianapolis Division.

Nov. 21, 1985.

Phillip J. O'Shea, Jr., Eugene C. Tenney Law Offices, Buffalo, N.Y., John T. Hume, III, Smith & Jones, Indianapolis, Ind., for plaintiff.

James K. Wheeler, Coots, Henke & Wheeler, Carmel, Ind., for defendant.

ENTRY

BARKER, District Judge.

This matter comes before the Court on defendant Freightliner Corporation's ("Freightliner") October 1, 1985 Motion for Determination of Choice of Law. Plaintiffs filed their memorandum of law and supplemental brief in opposition to this motion on October 25, 1985. This matter became fully briefed with the filing of Freightliner's reply brief on November 14, 1985.

The cause of action in the present case arises out of an incident that occurred on November 16, 1981, while Douglas K. Jones was operating a 1979 Freightliner tractor on Interstate 65 in Jasper County, Indiana. Patricia E. Beaver was a passenger in the Freightliner tractor. Both Jones and Beaver were killed when the Freightliner tractor allegedly overturned and burst into flames. In Count I, plaintiffs seek to hold Freightliner liable on a strict liability in tort theory for designing and manufacturing a product that was allegedly unreasonably dangerous to the purchasers and users. In Count III, plaintiffs attempt to hold Freightliner liable for the alleged negligent design and manufacture of the tractor, specifically, with its breaking system and crashworthiness.

■ The motion currently before the Court raises one issue: whether with respect to tort cases Indiana's choice of law rule is the *lex loci delicti* ("the place of the tort") rule or the most significant contacts rule. Freightliner argues that Indiana has adopted the doctrine of *lex loci delicti commisse*, and that because the alleged tort occurred in Indiana, the statutes of Indiana should apply in resolving these issues. Plaintiffs on the other hand, rely on the Seventh Circuit Court of Appeals decision in *Watts v. Pioneer Corn Company, Inc.*, 342 F.2d 617 (7th Cir.1965), in arguing that Indiana applies the most significant contacts rule in deciding what law applies in tort cases. Plaintiffs contend that the undisputed facts demonstrate that the significant contacts of the parties in the

present case have been with the State of Ohio and, therefore, that Ohio law should apply in resolving these tort issues.

It is now well settled that in diversity cases, such as the one presently before the Court, the district courts are to apply the law of the forum state, *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including the conflict of laws rule of that forum state. *See Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Indiana Court of Appeals has recently made it clear that Indiana's choice of law rule with respect to actions sounding in tort is the rule of *lex loci delicti*, which means that the law of the place where the tort arose is the law to be applied. *See Eby v. York-Division, Borg-Warner*, 455 N.E.2d 623, 626 (Ind.App.1983); *Snow v. Bayne*, 449 N.E.2d 296, 298 (Ind.App.1983); *Lee v. Lincoln National Bank & Trust Co.*, 442 N.E.2d 1147, 1148 (Ind.App.1982); *Maroon v. State Department of Mental Health*, 411 N.E.2d 404, 409 (Ind.App.1980). A strict liability cause of action accrues when the seller places a defective product into the stream of commerce and a reasonably foreseeable user or consumer is harmed thereby, *Wojcik v. Almase*, 451 N.E.2d 336 (Ind.App.1983), and a tort action for negligence arises when injury or death has occurred. *See Maroon*, 411 N.E.2d at 409. In the present case, the injuries to plaintiffs' decedents arose here in Indiana when the tractor incident occurred. Thus, under Indiana's choice of law rule this Court must apply Indiana law in resolving these issues.

Plaintiffs argue that this Court is bound by the Seventh Circuit Court of Appeal's decision in *Watts v. Pioneer Corn Co.*, 342 F.2d 617 (7th Cir.1965), wherein the Court held that Indiana's choice of law rule with respect to tort actions was the most significant contacts rule. Subsequent to that case, the Indiana Court of Appeals in *Witherspoon v. Salm*, 142 Ind.App. 655, 237 N.E.2d 116 (1968), applied the most significant contacts rule. However, *Witherspoon* was later reversed on other grounds by the

Indiana Supreme Court. It now appears that the Indiana Appellate Courts have ignored the *Witherspoon* decision and the application of the most significant contacts rule, and have elected to adopt the rule of *lex loci delicti*. *See Maroon, supra*. As noted by Judge Sharp in *Eaton Corp. v. Appliance Valves Corp.*, 526 F.Supp. 1172, 1178 (N.D.Ind.1981), the Seventh Circuit declined the opportunity to reaffirm its reasoning in the *Watts* decision, wherein the Court stated that Indiana applies the most significant contacts approach. *See Sharp v. Egler and Bill Hanka Auto Sales, Inc.*, 658 F.2d 480 (7th Cir.1981). In light of this and the fact that the Indiana Court of Appeals have clearly adopted the rule of *lex loci delicti*, the Court is compelled to apply the rule of *lex loci delicti* with respect to determining which state's law applies in resolving these tort issues.

Accordingly, Freightliner's motion for a determination of choice of law is GRANTED, and the Court finds that Indiana law shall apply in resolving the tort issues presented by this case.