**Racicot v. Erie Insurance Exchange**

C.P. of Lawrence County, no. 10285 of 1998, C.A.

*Anthony N. Gemma,* for plaintiff.
*Charles W. Garbett,* for defendant.

COX, *J.,* September 10, 2004—Before this court for disposition is the petition to modify, correct or vacate award of arbitrators filed by the defendant.

The relevant facts and procedural history are as follows: On June 2, 1993, while driving in Ohio, plaintiff, Garcia G. Racicot, a resident of Lawrence County, Pennsylvania, sustained injuries in a motor vehicle accident caused by Philip J. Miranda, a resident of Ohio (tortfeasor). At the time of the accident, plaintiff was insured

by defendant, Erie Insurance Exchange, a Pennsylvania insurance company, and the tort-feasor was insured under an Ohio Financial Responsibility Bond issued by the Coronet Insurance Company of Ohio. Pursuant to plaintiff's insurance contract, plaintiff received payment of medical expenses and lost wages to the policy limits of $25,000. The insurance contract also contained an endorsement for uninsured/underinsured motorist (UIM) coverage.

Plaintiff brought suit against the tort-feasor in the Court of Common Pleas of Trumbull County, Ohio, to recover damages from the accident. Coronet settled the Ohio civil action for $12,500, the tort-feasor's policy limit, and a full release. Plaintiff sought UIM benefits from defendant, but defendant rejected the claim. Thereafter, pursuant to the insurance contract, the dispute was referred to arbitration in Lawrence County, Pennsylvania.

An arbitration hearing was held on May 21, 1998. The arbitrators applied Ohio law to the dispute because the accident giving rise to the arbitration took place in Ohio. Thereafter, on June 5, 1998, plaintiff was awarded UIM damages in the sum of $181,728.12.

On July 1, 1998, following the arbitrators' award, defendant filed with the Court of Common Pleas of Lawrence County, a petition to modify, correct or vacate award of arbitrators alleging a mistake of law by the arbitrators. On May 25, 1999, the Honorable Ralph D. Pratt found the arbitrators' award contrary to law and vacated the award. Judge Pratt also discharged the first panel of arbitrators and remanded the case to a new panel of arbitrators for a new hearing with the directive to apply Pennsylvania substantive law in their adjudication of the dis-

pute. Plaintiff attempted to file an appeal from President Judge Pratt's order, but it was quashed as being interlocutory.

Following a second arbitration hearing before the new panel of arbitrators, plaintiff filed an unopposed motion to confirm the arbitrator's award and then appealed to the Superior Court. On appeal, the Superior Court found that President Judge Pratt did not have the authority to vacate the entire arbitration award and all actions following the defendant's petition to modify, correct or vacate award of arbitrators were a legal nullity. The Superior Court remanded the case to this court[1] with instructions to address defendant's original petition to modify, correct or vacate award of arbitrators.

The insurance policy in the present case required arbitration under the Pennsylvania Arbitration Act of 1927 for coverage disputes arising under the policy. Thus, our standard of review in a proceeding to modify or correct the arbitration award is that set forth at section 7302(d)(2) of the 1980 Arbitration Act. 42 Pa.C.S. §7302(d)(2) historical note; *Nationwide Insurance Co. v. Calhoun,* 430 Pa. Super. 612, 617, 635 A.2d 643, 646 (1993).

Section 7302(d)(2) reads as follows:

"Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judg-

---

1. This case is now before this court as President Judge Ralph D. Pratt, planning to retire from the bench, did not schedule proceedings on new issues.

ment notwithstanding the verdict." 42 Pa.C.S. §7302 (d)(2).

This section grants a trial court the power to "modify or correct the award where the award is contrary to law." *Nationwide Mutual Insurance Co. v. Heintz,* 804 A.2d 1209 (Pa. Super. 2002). The statute does not grant this court the power to vacate the award under the facts of this case. Therefore, this court must determine whether the award of the arbitrators is "contrary to law" and make any necessary modifications or corrections to that award.

The question becomes whether the arbitrators erred in applying Ohio substantive law rather than Pennsylvania substantive law and issued an award contrary to law. This court finds that the arbitrators erred.

Personal injury cases should be governed by the law of the state having the most significant relationship with the occurrence and the parties. *Griffith v. United Air Lines Inc.,* 416 Pa. 1, 15, 203 A.2d 796 (1964). "[Elements] considered vital in determining the state of most significant relationship include place of injury, place of conduct, domicile of the parties, and the place where the relationship between the parties is centered." *Id.*

Applying the factors set forth in *Griffith,* this court finds that Ohio lacks a significant relationship with this case. The plaintiff is a resident of Pennsylvania and the defendant has its principal offices located in Erie, Pennsylvania. The insurance contract was entered in Pennsylvania pursuant to Pennsylvania law. The arbitration took place in Pennsylvania under Pennsylvania arbitration law. The only connection this case has with Ohio is that the accident occurred in Ohio. The original case between the tort-feasor and plaintiff has been settled and

this case involves an underinsured motorist claim under the insurance contract. Therefore, Pennsylvania has the greatest interest in the outcome of this litigation and the most significant relationship. As Pennsylvania has the greatest interest, Pennsylvania law should be applied to the case. Therefore, the arbitrators erred by following Ohio law in fashioning an award and entered an award contrary to law.

As the arbitrators issued an award contrary to law, this court must modify or correct the erroneous award pursuant to 42 Pa.C.S. §7302(d)(2). Specifically, the provisions of 75 Pa.C.S. §1722 must be applied to the award of the arbitrators.

The award issued by the arbitrators totaled $181,728.12. The arbitrators calculated the total award as follows: (1) $19,228.12 for "medicals"; (2) $92,500 for "wage loss"; and (3) $70,000 for "pain and suffering."

The plaintiff agrees that if Pennsylvania law applies to this case, then the medical expenses would be properly excluded. (Plaintiff's brief, p. 2.) For the reasons stated previously, this court has found that Pennsylvania law does apply to this case. Therefore, the award must be corrected by eliminating the portion of the award pertaining to medical expenses, thus reducing the overall award by $19,228.12.

Defendant's next contention is that the arbitrators erred for failing to reduce the total award by the amount of $12,500 to account for monies paid by the tort-feasor's insurance company for the "underlying tort claim." The court finds no error and finds the plaintiff's argument persuasive. The very nature of the arbitration in question was to determine the amount of damages recover-

able under the underinsured motorist coverage, that is the amount of damages suffered by plaintiff not covered by the tort-feasor's insurance, and not to determine the total value of plaintiff's loss. There is no indication in the record that the "underlying tort claim" settlement covers anything but pain and suffering. Thus, this court cannot grant credit to defendant for those funds as payment of first party benefits on medical bills or lost wages. Therefore, this court finds that the arbitrators did not error by failing to reduce the award by the amount of the "underlying tort claim."

Defendant's final allegations of error by the arbitrators regard the portion of the award pertaining to the amount of lost wages. The defendant alleges two errors. First, defendant complains the amount awarded is inflated due to the alleged reliance by the arbitrators on evidence that allegedly should have been excluded. Second, defendant alleges that any award should be reduced by $25,000 as first-party benefits paid and excludable under 75 Pa.C.S. §1722.

With respect to defendant's contention that the arbitrators relied upon evidence not of record, the court cannot agree. It is well-settled that credibility determinations are for the fact-finder, which is free to believe all, part or none of the evidence presented. *Ty-Button Tie Inc. v. Kincel and Co. Ltd.,* 814 A.2d 685 (Pa. Super. 2002). A trial court should be loath to substitute its judgment for that of the fact-finder and may do so only in very limited circumstances. *Matheny v. West Shore Country Club,* 436 Pa. Super. 406, 648 A.2d 24 (1994). The record available to this court is scant, to say the least. There are no notes of testimony or official exhibits pro-

vided for the court's review. The copies of exhibits attached to defendant's petition are not questioned with respect to their authenticity, but rather the court has no testimony that may explain, limit or expand the information contained in the exhibits or even demonstrate in what context these exhibits may have been introduced. Therefore, the court has little choice but to rely upon the judgment of the arbitrators and their impression of the evidence. The court is loath to substitute its judgment for that of the arbitrators under these circumstances.

According to the dissenting arbitrator, evidence existed from the treating chiropractor that related plaintiff's back injury to the accident as well as testimony from the plaintiff. Even though the dissenting arbitrator did not give that report significant weight, it is possible, even likely, that the other arbitrators did. Even the dissenting arbitrator found plaintiff's testimony credible. Therefore, this court cannot and will not upset the arbitrator's finding that the value of total lost wages is $92,500 for "wage loss."

Finally, with respect to the $25,000 for which defendant wants credit, the court finds that this amount must be credited to defendant. The parties agree that this amount was paid by defendant to plaintiff. The parties also agree that such credit must be given if Pennsylvania law is applied to this case rather than Ohio law. As this court finds that Ohio law was incorrectly applied to the facts of this arbitration, it stands to reason that no credit was given to defendant for this amount. The court does not find plaintiff's argument that this amount has already been taken into consideration persuasive given the application of Ohio law by the arbitrators. Therefore, the

award must be corrected by modifying the portion of the award pertaining to lost wages, thus reducing the award for lost wages by $25,000.

In conclusion, the award of the arbitrators is corrected and modified as follows: (1) the $19,228.12 for "medicals" is eliminated; (2) the $92,500 for "wage loss" is reduced by $25,000 to reflect payments already made under first-party benefits; and (3) the $70,000 for "pain and suffering" remains unchanged. The award for underinsured motorist coverage due to plaintiff is therefore corrected and modified to total $137,500. Defendant shall receive credit to this total for all additional payments made by defendant to plaintiff with regard to this underinsured motorist claim not specifically addressed by this opinion.

## ORDER

Now September 10, 2004, this case having been before the court for oral argument on June 28, 2004, on the petition to modify, correct or vacate award of arbitrators filed by the defendant, with counsel for the parties appearing, the plaintiff, Garcia G. Racicot, represented through counsel, Anthony N. Gemma, Esquire, and the defendant, Erie Insurance Exchange, represented through counsel, Charles W. Garbett, Esquire, and upon consideration of the oral arguments and briefs presented and submitted by both counsel, and a complete and thorough review of the record, the court enters the following order and it is hereby ordered, adjudged, and decreed as follows:

(1) The petition to modify, correct or vacate award of arbitrators filed by the defendant is hereby granted in

part and denied in part. The award of the arbitrators is modified and corrected as set forth in the attached opinion issued this same date.

(2) The prothonotary is directed to serve a copy of this order of court upon counsel of record, Anthony N. Gemma, Esquire and Charles W. Garbett, Esquire.