**Garcia G. RACICOT, Appellant,**

v.

**ERIE INSURANCE EXCHANGE, Appellee.**

Superior Court of Pennsylvania.

Argued April 19, 2005.
Filed Aug. 9, 2005.

Anthony N. Gemma, Youngstown, OH, for appellant.

Jason Medure, New Castle, for appellee.

BEFORE: ORIE MELVIN, BENDER and BECK, JJ.

OPINION BY BENDER, J.:

¶ 1 This is an appeal from an order dated September 10, 2004, which granted in part and denied in part Erie Insurance Exchange's (Erie) petition to modify, correct or vacate an award of arbitrators. After oral argument and review of the briefs and record, we affirm.

¶ 2 On June 2, 1993, Appellant, Garcia G. Racicot, was involved in an automobile accident with Philip J. Miranda (Miranda) in the state of Ohio. Appellant, who was a resident of Pennsylvania, was insured by Erie. Miranda, who resided in Ohio, was insured by Coronet Insurance Company of Ohio (Coronet). Appellant was paid first party benefits by Erie in the amounts of $19,228.11 for medical expenses and $25,000.00 for wage loss. Appellant was also paid the bodily injury limits of Miranda's Coronet policy of $12,500.00. After receiving those payments, Appellant looked to the underinsured motorist coverage contained in his Erie policy.

¶ 3 An underinsured motorist arbitration hearing was held which resulted in an award of $181,728.12. The arbitrators applied Ohio law in reaching the award. Erie filed a petition to modify, correct, or vacate the award. The Honorable Ralph D. Pratt vacated the award and remanded the case to a new panel to apply Pennsylvania law in the adjudication of the matter. Appellant attempted to appeal to this court from the remand order; however, the appeal was quashed as interlocutory. *Racicot v. Erie Ins. Exchange*, 748 A.2d 1260 (Pa.Super.1999) (unpublished memorandum).

¶ 4 On September 13, 2002, the new panel of arbitrators entered an award for Appellant, which was confirmed by the court and Appellant appealed to this

Court. We held that it had been error to dismiss the original panel of arbitrators and remanded to the trial court with instructions to address Erie's original petition to modify, correct or vacate the award of arbitrators. *Racicot v. Erie Ins. Exchange*, 837 A.2d 496 (Pa.Super.2003).

¶ 5 The Honorable J. Craig Cox, President Judge of Lawrence County, accepted the case on remand in light of Judge Pratt's imminent retirement from the bench. Judge Cox first addressed the conflict of laws question and applied the "most significant relationship" approach set forth in *Griffith v. United Air Lines, Inc.* 416 Pa. 1, 203 A.2d 796 (1964). Concluding that Pennsylvania law should apply, he then corrected and modified the first underinsured motorist arbitration award as follows:

> In conclusion, the award of the arbitrators is corrected and modified as follows: (1) the $ 19,228.12 for "medicals" is eliminated; (2) the $ 92,500 for "wage loss" is reduced by $25,000 to reflect payments already made under first-party benefits; and (3) the $70,000 for "pain and suffering" remains unchanged. The award for under-insured motorist coverage due to plaintiff is therefore corrected and modified to total $137,500. Defendant shall receive credit to this total for all additional payments made by defendant to plaintiff with regard to this underinsured motorist claim not specifically addressed by this opinion.

*Racicot v. Erie Ins. Exchange*, 70 Pa. D. & C.4th 560, 568 (Lawrence County, 2004). The effect of Judge Cox's order was to deduct from Appellant's underinsured motorist arbitration recovery amounts paid by Erie pursuant to first party coverage. This modification applied the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§ 1701–1799.7. Under Ohio law there would have been no such offset.

¶ 6 Appellant now appeals to this Court raising the sole issue of whether Judge Cox erred in his determination that Pennsylvania, rather than Ohio, law should control the determination of damages recoverable under the instant underinsurance motorist claim. Neither Appellant nor Erie challenges Judge Cox's modification of the arbitration award, accepting that under Pennsylvania law the offset is proper. Rather Appellant challenges the court's decision to apply Pennsylvania law, arguing that Ohio law should apply.

¶ 7 Had this case come before our Court prior to 1964, there is little doubt that Ohio law would have applied. *See, e.g., Vant v. Gish*, 412 Pa. 359, 194 A.2d 522, 526 (1963); *Bednarowicz v. Vetrone*, 400 Pa. 385, 162 A.2d 687, 688 (1960); *Rennekamp v. Blair*, 375 Pa. 620, 101 A.2d 669, 670 (1954); *Rodney v. Staman*, 371 Pa. 1, 89 A.2d 313, 315 (1952); *Maxson v. McElhinney*, 370 Pa. 622, 88 A.2d 747, 748 (1952); *Limes v. Keller*, 365 Pa. 258, 74 A.2d 131, 133 (1950); *Randall v. Stager*, 355 Pa. 352, 49 A.2d 689, 690 (1946); *Mackey v. Robertson*, 328 Pa. 504, 195 A. 870, 870 (1938); *Mike v. Lian*, 322 Pa. 353, 185 A. 775, 777 (1936); *Singer v. Messina*, 312 Pa. 129, 167 A. 583, 585 (1933); *Dickinson v. Jones*, 309 Pa. 256, 163 A. 516, 517 (1932); *Rosenzweig v. Heller*, 302 Pa. 279, 153 A. 346, 348 (1931); *Roberts v. Freihofer Baking Co.*, 283 Pa. 573, 129 A. 574, 575 (1925); *Barclay v. Thompson*, 2 Pen. & W. 148 (Pa.1830); *Julian v. Tornabene*, 171 Pa.Super. 333, 90 A.2d 346, 347 (1952). *See also Young v. Masci*, 289 U.S. 253, 258, 53 S.Ct. 599, 77 L.Ed. 1158 (1933).

¶ 8 However, in 1964, the Pennsylvania Supreme Court abandoned the doctrine of *"lex loci delicti"* (the law of the place of

the injury) as a method for resolving conflict of law issues. *Griffith, supra.*

¶ 9 The *Griffith* court announced the new rule that it held was to be used in Pennsylvania.

Thus, after careful review and consideration of the leading authorities and cases, we are of the opinion that the strict *lex loci delicti* rule should be abandoned in Pennsylvania in favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court. As said in *Babcock v. Jackson, supra,* 12 N.Y.2d at 481, 240 N.Y.S.2d at 749, 191 N.E.2d at 283, "The merit of such a rule is that 'it gives to the place "having the most interest in the problem" paramount control over the legal issues arising out of a particular factual context' and thereby allows the forum to apply 'the policy of the jurisdiction "most intimately concerned with the outcome of [the] particular litigation".' (*Auten v. Auten,* 308 N.Y. 155, 161, 124 N.E.2d 99, 102, supra.)"

*Id.* at 805–06 (footnote omitted).

¶ 10 Our Supreme Court further clarified the *Griffith* rule six years later, stating:

In determining which state has the greater interest in the application of its law, one method is to see what contacts each state has with the accident, the contacts being relevant only if they relate to the "policies and interests underlying the particular issue before the court." *Griffith, supra* 416 Pa. at 21, 203 A.2d at 805. When doing this it must be remembered that mere counting of contacts is not what is involved. The weight of a particular state's contacts must be measured on a qualitative rather than quantitative scale. *Tooker v. Lopez,* 24 N.Y.2d 569, 576, 301 N.Y.S.2d 519, 524, 249 N.E.2d 394 (1969).

*Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854, 856, (1970).

¶ 11 Here, applying the *Griffith* test, the trial court reasoned as follows:

Applying the factors set forth in *Griffith,* this court finds that Ohio lacks a significant relationship with this case. The plaintiff is a resident of Pennsylvania and the defendant has its principal offices located in Erie, Pennsylvania. The insurance contract was entered in Pennsylvania pursuant to Pennsylvania law. The arbitration took place in Pennsylvania under Pennsylvania arbitration law. The only connection this case has with Ohio is that the accident occurred in Ohio. The original case between the tort-feasor and plaintiff has been settled and this case involves an underinsured motorist claim under the insurance contract. Therefore, Pennsylvania has the greatest interest in the outcome of this litigation and the most significant relationship. As Pennsylvania has the greatest interest, Pennsylvania law should be applied to the case. Therefore, the arbitrators erred by following Ohio law in fashioning an award and entered an award contrary to law.

*Racicot,* 70 Pa. D. & C.4th at 564–65.

¶ 12 While we agree with the trial court's analysis, we add that the "policies and interests" underlying the instant issue concern whether money paid by a first party Pennsylvania automobile insurance carrier should be offset when a Pennsylvania insured is making a claim against a Pennsylvania underinsured motorist policy. The underinsured is a Pennsylvania resident and the insurance policy in question is a Pennsylvania policy governed by Pennsylvania law and regulation. Since

the "policies and interests" underlying this case concern the application of Pennsylvania statutes, regulations and case law, we conclude that the only reasonable choice of law is to apply the law of Pennsylvania. To apply Ohio law to this situation would run counter to the principles set forth in *Griffith* and *Cipolla*.

¶ 13 Order affirmed.